William J. Regan, S.
On October 20, 1964, letters of administration in the above estate were issued to George M. Martin, Public Administrator, it appearing that the only distributees were nonresident aliens. Shortly after this appointment the Public Administrator found among decedent’s papers a document which stated:
“ My Will Buffalo N. T. 29. Jul. 1964
I do not want my brother Ervin Bachmann get does net inherit anything of my part,
Elsy Bachmann Bartholomew Joffre Anita Schnebli ”
Mr. Martin, the Public Administrator, deeming it necessary to file the above instrument for probate, filed such a petition and cited the distributees in Switzerland.
As is evident, the purported will does nothing but disinherit a brother of the decedent. It names no executor, administrator, trustee or guardian and makes no disposition of property whatever. This court must deny probate of this instrument as a will. ‘ ‘ An instrument to be admitted to probate as a last will and testament must appear upon its face to be of a testamentary character. The mere fact that a document has been executed with all the formalities required of a will does not alone entitle it to probate as a will valid to pass property. It must appear to seek to accomplish some one or more of the purposes of the testator. It may be a post-obit disposition of the property of *298 the testator. It may appoint a testamentary guardian. It may name only an executor. All of these are testamentary objects, purposes to be posthumously accomplished. It must reflect an intent by the maker to perform some testamentary function.” (Matter of Hefner, 122 N. Y. S. 2d, 252, 253.)
An order may enter denying probate of this will and permitting the letters of administration to the Public Administrator to remain in effect.