William J. Regan, S.
The will of the above decedent contained the following:
‘‘ second : I make no provision in this, my last Will and Testament, nor do I intend to make any provision herein, in favor of either of my sisters, Margaret Goss or Clara Craig, or their heirs.
“ third: All of the rest, residue and remainder of my estate, I give, devise and bequeath to Albert M. Lunz, the son of my good friend, Caroline Lunz, who now resides at 32 Livingston Street, Buffalo, N. Y., absolutely and forever.”
Albert Lunz, no relative of the testatrix, who was the sole legatee under the will, predeceased her. There is no other residuary clause so that the devise and bequest to Albert Lunz lapsed. The general rule with relation to this is found in the following cases: “ Where legatee of portion of residue was not related to testator who survived legatee, and will made no provisions for a substitutionary gift * * * legacy ‘ lapsed ’ and was distributable as though testator had died intestate.” *1004 (Matter of Hanretty, 34 N. Y. S. 2d 171; Matter of Bogardus, 5 Misc 2d 607.)
Although at the outset the petitioner filed an affidavit stating that any and all distributees of the testatrix or their whereabouts were unknown, it was established that testatrix is survived by three nieces, Mabel Richardson, Marjorie Craig and Dorothy Wilson. In this proceeding the special guardian called to the court’s attention the questions relating to a construction of the above-quoted paragraphs of the will, especially with reference to the words of exclusion in Paragraph Second.
It is the court’s belief that the three surviving nieces should share equally in this estate inasmuch as they are in equal degree to decedent. (Decedent Estate Law, § 83, subd. 9; Matter of McKeon, 25 Misc 2d 850.)
It is possible for the language of a will to specifically exclude persons provided that there be a valid disposition made of the share to which these persons would otherwise be entitled.
“ The legal rights of the heir or distributee to the property of deceased persons, cannot be defeated except by a valid devise or bequest of such property to other persons.” (Matter of Heffner, 122 N. Y. S. 2d 252, 254.)
“ The clause in the will above quoted, by which the testator attempted to disinherit his brother, his wife and their descendants, does not defeat the right of these plaintiffs to the estate unless the persons to whom the testator attempted to devise the remainder were in existence. In case a testator fails to make a legal devise of his realty, or if having legally devised it the devise fails for any cause, the heir will inherit, notwithstanding there is an express provision in the will that he shall not take any part of the estate. There must be a legal devise to cut off the right of the heir to inherit; mere words of disinheritance are insufficient to effect that purpose.”(Gallagher v. Crooks, 132 N. Y. 338, 342.)
Present case law, that an instrument directing how the testator’s property shall not be disposed of, is to the effect that this would be an invalid will. (Matter of Bachman, 45 Misc 2d 297.) However, under the definition of “ Will ”, section 1-2.18 of the Estates, Powers and Trusts Law, effective September 1, 1967, it will be possible to make a will directing merely how property shall not be disposed of.
The court, therefore, will construe this will as above stated.