In the Matter of the Estate of MARY CAIRO, Deceased. LOUIS J. LEFKOWITZ, as Attorney-General, et al., Appellants; JOSEPH L. CAIRO et al., Respondents.

Second Department, July 20, 1970.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz and Judith T. Younger of counsel), for ultimate charitable beneficiaries, appellant in person.*

*Tenzer, Greenblatt, Fallon & Kaplan for Fight For Sight, Inc., appellant.*

*Irwin N. Schneider (Howard J. Goldstein of counsel), for Joseph L. Cairo, respondent.*

MUNDER, J. These appeals present an interesting question of testamentary and statutory construction. Essentially, the question is whether respondent Joseph L. Cairo should be permitted to contest a disposition in the deceased's will to certain named charities by reason of EPTL 5–3.3.

The deceased passed away in November, 1967 survived by a sister, Elizabeth Jennings, and a grandson, respondent Joseph L. Cairo. Her will, which was admitted to probate in Queens County in February, 1968, was neither lengthy nor intricate. In article Third she gave her co-operative apartment in Queens, together with all the furniture and household furnishings, including personal property, in the apartment to her sister. In article Fourth she gave all the rest, residue and remainder of her estate, of any nature, kind or quality, to three named charities, to be divided equally among them. In article Fifth she provided that, in the event her sister predeceased her, the

bequest to the sister under article Third was to be deemed part of her residuary estate and divided among the organizations named in article Fourth, share and share alike. In article Sixth she provided as follows: *"I make no bequest to my grandson, Joseph L. Cairo, and I make no bequests to my daughters-in-law, Antoinette Cairo and Audrey Cairo, for good and sufficient reason"* (emphasis supplied).

The first rule of testamentary construction is that a will be interpreted to reflect the testator's actual intent. The second rule is that the intention be ascertained from a reading of the will as a whole (*Matter of Thall*, 18 N Y 2d 186, 192). A reading of the deceased's will shows a clear intent to leave a substantial portion of her estate to charity. This was the dominant scheme. In fact, if her sister predeceased her, she wanted her *entire* estate to go to charity. To remove any doubt, she named respondent Joseph L. Cairo and others in the will and specifically stated she was making no bequest to them "for good and sufficient reason" (see *Matter of Harrigan*, 23 A D 2d 667).

In the face of this specificity, respondent Cairo claims that EPTL 5–3.3 gives him standing to contest the charitable disposition. I do not agree. That section provides, insofar as pertinent to this appeal, that a person may make a testamentary disposition of his entire estate to charity, provided that, if such disposition is contested by a surviving issue or parent who will receive a pecuniary benefit from a successful contest as a beneficiary under the will or as a distributee, it shall be valid only to the extent of one half of the testator's estate. This represents a marked change from the policy which prevailed under the predecessor to EPTL 5–3.3, namely, section 17 of the Decedent Estate Law. Under the latter, a gift to charity by a testator leaving a spouse, descendant or parent was "valid to the extent of one-half [of his estate], and no more" [bracketed matter supplied] (see *Matter of Mayers*, 299 N. Y. 388, 395). Any bequest which exceeded one half failed or lapsed (see *Matter of Logasa*, 163 Misc. 628). Now, under EPTL 5–3.3, which became effective September 1, 1967, a testator can validly dispose of his entire estate to charity, provided it is not contested by one who stands to benefit. As the Practice Commentary on this section in McKinney's Consolidated Laws of New York (Book 17B, EPTL 1–1.1 to 5–4.5, p. 781) notes, the language of the section "makes clear * * * that it is consonant with the policy of this state for a testator to dispose of his entire estate for the stated charitable and other purposes". And so, when the deceased died in November, 1967 there was no automatic failure or lapse of that portion of her gift to charity

which exceeded one half of her estate. Of course, there could be a failure or lapse if the gift were contested by someone who stood to benefit by a successful contest. But here is where the deceased's intent comes in: her will made clear she wanted no part of her estate to go to respondent Cairo. Her estate was to go to her sister and charity. To allow respondent Cairo to contest would be to acknowledge the possibility of his sharing in the estate; and this would be contrary to the deceased's intent. As stated in *Matter of Dammann* (12 N Y 2d 500, 506), "a testator's expressed intent is the only construction guide we need". That guide mandates reversal of the decree insofar as appealed from, on the law, with $10 costs and disbursements to appellant Attorney-General against respondent Joseph L. Cairo personally, and remission of this proceeding to the Surrogate's Court for entry of an amended decree consistent with the views expressed herein.

CHRIST, P. J., RABIN, HOPKINS and BRENNAN, JJ., concur.

Decree reversed insofar as appealed from, on the law, with $10 costs and disbursements to appellant Attorney-General against respondent Joseph L. Cairo personally, and proceeding remitted to the Surrogate's Court for entry of an amended decree consistent with the views expressed in the opinion rendered herewith. No questions of fact have been considered.