John F. Skahen, S.
The executor petitions for a construction of decedent’s will, particularly as to the effect of paragraph “Fourth” thereof on .the property which passes by intestacy because of the lack of a residuary clause in the will. The major asset of the estate, decedent’s real property, was not devised by the will, and since there is no residuary clause, that part of decedent’s estate must be considered intestate property.
Paragraph “ Fourth ” reads as follows: “ Fourth: I give and bequeath unto my daughter Mrs. Elenor Clarke, who currently resides in Rhode Island, the sum of five dollars, and it is my will that this provision be in lieu and bar of every right and interest in and to my estate. I make only this provision for her for reasons well known to her and to all my family and friends, and for the further reason that during her whole lifetime, since •she attained her majority, she has been disobedient and ungrateful and has failed to return the affection and trust that I have bestowed upon her.”
The statute which would apply to paragraph ‘ ‘ Fourth ’ ’ is EPTL 1-2.18, which in part is as follows: “ Section 1-2.18. Will (a) A will is an oral declaration or written instrument, made as prescribed by 3-2.1 or 3-2.2 to take effect upon death, whereby a person disposes of property or directs how it shall not be disposed of, disposses of his body or any part thereof, exercises a power, appoints a fiduciary or makes any other provision for the administration of his estate, and which is revocable during his lifetime.” (Italics supplied.)
Decedent’s two distributees are a son, Rudolph Beu, the executor, and a daughter, Elenor Clarke, mentioned in paragraph “ Fourth ”.
Petitioner seeks a construction that will find that he is the only person entitled to any intestate property and asks the court to interpret EPTL 1-2.18 to mean that the words of disinheritance (except for $5) in paragraph “Fourth” apply to all property, both testate and intestate.
It is the contention of Elenor Clarke that the language of paragraph ‘1 Fourth ’ ’, which bequeaths $5 to her, bars her only from receiving any other property disposed of by the will. She argues that since the residue of decedent’s property does not pass by the provisions of the will she is entitled to her intestate share, that EPTL 1-2.18 does not apply to intestate property. She further claims that the statute requires specific mention of the particular property which a testator does not want a person to inherit. It is also asserted that since testatrix failed to direct specifically that the real property not be disposed of to the *398 daughter, then Elenor Clarke is entitled to one half of the real estate which constituted the residue.
Prior to September 1, 1967, the effective date of EPTL 1-2.18, the cases held that: ‘1 The legal rights of the heir or distributee of the property of deceased persons, cannot be defeated except by a valid devise or bequest of such property to other persons ”. (Matter of Heffner, 122 N. Y. S. 2d 252, 254.) By this rule, words of disinheritance in a will were not effective as to intestate property.
However, in this court’s opinion the new statute is unmistakable in providing that a testator now may disinherit an heir from all his property, both testamentary and intestate assets. With respect to this interpretation, there is an interesting commentary covering McKinney’s EPTL 1-2.18. In part it says: “ under the definition in this section, an oral or written declaration which does no more than direct that certain persons not share in the decedent’s estate will be admissible to probate and construable as expressing the testator’s intention that his estate be distributed as if he had died intestate, but excluding the persons he has directed shall not benefit from his estate.” (McKinney’s Cons. Laws of N. Y., Book 17B, EPTL, p. 28.)
The words of disinheritance in this will could hardly be ■stronger. Although no case exactly in point has been found, it is the holding of this court that Elenor Clarke is entitled to only $5 from decedent’s estate and no more. She is not entitled to any share of the intestate property which was not disposed of by the provisions of the will, which intestacy was created by the failure to include a residuary clause in the will. Matter of Cairo (35 A D 2d 76) sustains this holding, although no reference is made to EPTL 1-2.18. In that case, decedent’s grandson was disinherited and then sought to contest a charitable disposition exceeding one half of the estate. The court said (p. 78): “But here is where the deceased’s intent comes in: her will made clear she wanted no part of her estate to go to respondent Cairo. Her estate was to go to her sister and charity. To allow respondent Cairo to contest would be to acknowledge the possibility of his sharing in the estate; and this would be contrary to the deceased’s intent. As stated in Matter of Dammann (12 N Y 2d 500, 506), ‘ a testator’s expressed intent is the only construction guide we need ’.”
The next questions are: Who receives the residuary estate? What is the effect of eliminating the daughter from participation in the intestate property? Do her children .take per stirpes by representation as if it should be considered that she had *399 predeceased the testatrix? Or, as contended by petitioner, does he as the son receive all the intestate property?
EPTL 4-1.1 provides for distribution of a decedent’s intestate assets. In this case, the appropriate wording of that section is: “ Section 4-1.1. Descent and distribution of a decedent’s estate the property of a decedent not disposed of by will, after payment of administration and funeral expenses, debts and taxes, shall be distributed as follows: (a) If a decedent is survived by: * * * (6) Issue, and no spouse, .the whole to the issue per stirpes.”
Ordinarily, Elenor Clarke and Rudolph Beu would share their mother’s intestate property equally. However, paragraph ‘1 Fourth ’ ’ of the will, as construed herein, excludes Elenor Clarke from receiving her share. EPTL 1-2.14 defines per .stirpes as “A disposition or distribution of property is per •stirpes when it is made to persons who take as issue, in equal portions, the share which their deceased ancestor would have taken if living. ’ ’ Elenor Clarke’s children ordinarily could not take by representation since their parent did not predecease testatrix. As part of this paradox, it might seem that Rudolph Beu should not receive more than one half of the intestate property because his sister is living.
For example, consider what would happen if Elenor Clarke were the only child of the testatrix and there were no other possible distributees and it were held that her descendants were to be excluded from inheriting from their grandmother. In that case it would seem that all intestate property would escheat to the State.
Can it be the intent of the law to exclude forever from intestate succession all descendants of an heir who are specifically disinherited in a will, but whose descendants are not so disinherited in the will? This court thinks that EPTL 1-2.18 has not such an intent; that there must be read into .that statute the fiction that a disinherited person would be considered to have predeceased the testator. By way of analogy, EPTL 4-1.3 spells out such a fiction and gives it the force of law in connection with the renunciation of an intestate share. That section provides in part: “Section 4-1.3. Renunciation of an intestate share * * * (c) The filing of a renunciation, as provided in this section, has the .same effect with respect to the renounced share as though the renouncing person had predeceased the decedent.”
In Matter of Emu Assoc. (Peabody) (30 A D 2d 517) the court dealt with the language of a trust indenture, which pro *400 vided for payment to descendants of Stephen Peabody per stirpes. A grandson, George Peabody, Jr., was expressly excluded by name from any share in the proceeds of the trust, but the instrument did not exclude any issue or descendants of George Peabody, Jr. The court s-aid: “ The command of the instrument is designed to treat George Peabody, Jr., as if he were dead by its terms of express exclusion. But it is evident from the instrument as a whole that there was no intent to exclude his issue. Accordingly, when the time of accrual occurred as to the descendants of the grantor, the children of George Peabody, Jr., were -competent to take.” This -case was affirmed by the Court -of Appeals (27 N Y 2d 948) on the opinion of the Appellate Division. Two of the Judge-s dissented, holding that the well-established rule of per stirpes distribution would apply if George Peabody, Jr., was a living heir, -and his children could not take'by representation.
There is a holding similar in effect to that -dissent in Central Hanover Bank & Trust Co., v. Alsop (76 N. Y. S. 2d 650). In our view, the language and effect of EPTL 1-2.18 require an interpretation different from the holding of that case.
Accordingly, the court construes decedent’s will as follows:
1. Descendant’s residuary estate passes by intestacy.
2. Elenor Clarke is not entitled to share in the intestate property, but is limited to the $5 bequest in paragraph “ Fourth” of the will.
3. The decedent’s intestate property shall descend and be distributed, per stirpes, one half to Rudolph Beu -and one half to the children of Elenor Clarke, as if she had predeceased the testatrix.