OPINION OF THE COURT
Frank D. Paulo, S.
Petitioners, first cousins of decedent, have brought on a petition asking the court to construe and determine the validity and effect of paragraph third of the last will and testament of decedent. This provision relates to a residuary trust established for the care and maintenance and refurbishing of a mausoleum at St. Peter’s Cemetery, Staten Island, New York.
Decedent died January 11, 1979. The court duly admitted to *155 probate the will of the decedent, dated August 10, 1978. The Attorney-General of the State of New York has by an affirmative defense pleaded in his answer that decedent specifically disinherited the petitioners by paragraphs fourth, fifth, sixth and eighth of the codicil and, specifically disinherited William Sheehan, James Sheehan and Anna Bartrom, three nonpetitioning first cousins, persons alleged to be interested in this proceeding by paragraph fourteenth of the petition and by paragraph ninth of the codicil. The Attorney-General contends that neither petitioners nor the persons heretofore named should receive any part of this estate.
The first question, then to be determined by the court is whether the petitioners have standing to bring this proceeding for the judicial construction of the will.
The right of the petitioners to bring on a petition for this type of proceeding rests on their status as distributees. There is no doubt that distributees generally have standing to bring on a petition for judicial construction of a will. (See 3A Warren’s Heaton Surrogates’ Courts, § 301, par 3, cl [a]; 2 Harris, New York Estates Practice Guide, p 287.)
The first issue to be determined by the court, is whether the testator intended to disinherit the petitioners as distributees in intestacy. If answered affirmatively, the petitioners do not have standing to bring this proceeding.
EPTL 1-2.18 (subd [a]) provides that "[a] will is a * * * written instrument * * * whereby a person disposes of property or directs how it shall not be disposed of’. The definition of "will” changed the rule previously existing which made directions to disinherit someone ineffective unless all of the decedent’s assets were effectively disposed to others. (Rohan, McKinney’s Cons Laws of NY, Book 17B, EPTL 1-2.18, p 14, 1979-1980 Pocket Part.) In drafting the reviser’s notes to EPTL 1-2.18 the Bennett Commission stated:
"It is submitted that these decisions [Matter of Hefner, 122 NYS2d 252; and Matter of Bachmann, 45 Misc 2d 297, in which the earlier rule was followed] are wrong in principle in that they defeat the manifest intention of the decedent that certain of his blood relatives shall not receive any of his property.
"Any person should have the absolute and unqualified right so to provide in his will, and his direction to that effect should be recognized and given effect by the law.” (Report No. 8.1.1B, NY Legis Doc, 1966, No. 19, pp 519-520.)
*156 Therefore, under the EPTL, it is possible to make a will directing merely how property shall not be disposed of. (See Matter of Darmstadter, 53 Misc 1003; Matter of Reed, NYLJ, Nov. 20, 1968, p 17, col 6.)
Looking at the entire will and the language of paragraphs FOURTH, FIFTH, SIXTH, EIGHTH and NINTH of the Codicil, it is clear that the testator intended to effect a complete and total disinheritance of the petitioners. To find otherwise would fly in the face of the clear language of the will. (Matter of Cairo, 35 AD2d 76, affd 29 NY2d 527; Matter of Eckart, 39 NY2d 493.)
Having been disinherited as distributees in intestacy, the petitioners have no standing to bring this proceeding.
Since no one with standing has asked the court to construe the reasonableness of the bequest made by the testator, the court does not reach the substantive questions relative to the construction of the will.
The motion to dismiss the petition is granted.