OPINION OF THE COURT
Charles J. D’Arrigo, S.
This is a proceeding for the judicial construction of the last will and testament and first codicil of John Edward Stoffel, who died a domiciliary of Richmond County on January 11, 1979.
Decedent’s last will and testament dated August 10, 1978 and the first codicil thereto dated August 15, 1978 were duly admitted to probate by this court on October 24, 1979, and letters testamentary and of trusteeship were issued to the Community National Bank and Trust Company of New York on October 24, 1979. A petition for the judicial construction of the will was thereupon filed by decedent’s first cousins, his alleged distributees. The petition requested a determination by the court of the amount necessary to provide for the perpetual care of the Stoffel mausoleum and gravesites at St. Peter’s Cemetery, Staten Island, New York, and that the court decree that the decedent died intestate as to the part of the residuary estate which exceeded the amount determined by the court to be required for perpetual care.
*1037 In a decision dated May 8, 1980, the late Surrogate Frank D! Paulo dismissed the petition for construction on the grounds that since a proceeding for the judicial construction of a will may only be brought by a distributee or other persons interested (SCPA 1420, subd 1) and the first cousins had been disinherited in intestacy by the testator in the first codicil, they therefore had no standing to bring the proceeding. The court decided that inasmuch as no one with standing had brought the action, it was not required to reach the substantive issues presented in the petition. (Matter of Stoffel, 104 Misc 2d 154.) The first cousins then appealed the matter to the Appellate Division. In a memorandum decision, the Appellate Division upheld the Surrogate on the grounds set forth in his decision. (Matter of Stoffel, 79 AD2d 658.)
The instant petition is brought by some of the children of the first cousins who had been held to have been disinherited in the earlier decision. The petitioners claim to have standing to bring this proceeding and ask this court to treat their parents as having predeceased the decedent, leaving the petitioners, their issue, as the distributees of the decedent. The gravamen of their petition is essentially the same as that of their parents, to wit, that the court is requested to determine the cost of perpetual care and then to determine that, to the extent that the assets of the estate exceed such amount, the decedent be deemed to have died intestate and for the awarding of costs and attorney’s fees.
The petitioners rely solely upon Matter of Beu (70 Misc 2d 396, affd without opn 44 AD2d 774) to support their contention that they have standing in the instant proceeding. In Matter of Beu, the decedent died survived by a son and a daughter. In decedent’s will, there was no residuary clause and the majority of her estate passed by way of intestacy. The executor brought on a construction proceeding to determine the effect of the fourth paragraph of the will, which disinherited her daughter. That paragraph reads as follows: “ ‘fourth: I give and bequeath unto my daughter Mrs. Eleanor Clarke, who currently resides in Rhode Island, the sum of five dollars, and it is my will that this provision be in lieu and bar of every * * * interest in and to my estate. I make only this provision for her for *1038 reasons well known to her and to all my family and friends, and for the further reason that during her whole lifetime, since she attained her majority, she has been disobedient and ungrateful and has failed to return the affection and trust that I have bestowed upon her.’ ” (70 Misc 2d, at p 397.)
Surrogate Skahen held that the residuary passed by intestacy. The daughter’s share in the estate was the $5 bequest. Since the Surrogate held that the daughter was eliminated from participating in the intestate property, the question arose as to whether the intestate property passed entirely to the son or to the son and the disinherited daughter’s children by representation. The Surrogate held that her intestate share passed to her sons as if she had predeceased the testator.
The petitioners’ memorandum of law quotes the following language from the Beu decision as controlling in the case at bar: “Can it be the intent of the law to exclude forever from intestate succession all descendants of an heir who are specifically disinherited in a will, but whose descendants are not so disinherited in the will? This court thinks that EPTL 1-2.18 has not such an intent; that there must be read into that statute the fiction that a disinherited person would be considered to have predeceased the testator.” (Matter of Beu, 70 Misc 2d 396, 399, supra.)
The petitioners contend that since all the first cousins of the decedent were disinherited by the will, they, as first cousins once removed, are the distributees under the rule of law as set forth by Surrogate Skahen in Beu. They herein urge upon the court that they were not disinherited by the last will and codicil of John Edward Stoffel and as his proper distributees have standing to bring this proceeding.
In the Practice Commentary to EPTL 1-2.18 (McKinney’s Cons Laws of NY, Book 17B, EPTL 1-2.18, p 41), Dean Patrick J. Rohan states: “Accordingly, it would appear that where a will or trust indenture disinherits a specific individual, the question whether such disinheritance disqualifies the issue of the named person from taking will be treated as a construction problem and re *1039 ceived by an analysis of the facts and circumstances of the particular case.”
The first rule of testamentary construction is, of course, that a will be interpreted to reflect the actual intention of • the testator and the second that his intention be ascertained from a reading of the document as a whole (Matter of Dammann, 12 NY2d 500).
Decedent died unmarried. He was predeceased by two unmarried sisters, his only siblings, with whom he lived at 43 Cromwell Avenue on Staten Island. After providing for the payment of his debts and funeral expenses in the first paragraph of his will, and for provisions for an annual payment for the care of the family plot property in the second paragraph, the remainder of decedent’s will, which is 10 pages, deals with provisions for the maintenance and care of the mausoleum in issue. No bequests or devises of property to any relatives or any other persons are made. In the interest of brevity, suffice it to say that the testator expressed his desires relative to the mausoleum to the minutest detail and it reflects a long planned scheme. He did provide that no relatives should be consulted in the administration of the trust, nor are they to have a key to the mausoleum. Additionally, no members of the Stoffel family except those living at 43 Cromwell Avenue (his residence) are to be buried in the mausoleum.
Five days after the execution of his will, decedent executed the first codicil to the will. In this document, decedent sets forth his family tree, i.e., his parents, his siblings, his aunts and uncles and their children. He specifies their residences, marital status and dates of death. In the eleventh paragraph he states: “As a result of the foregoing of my Father’s frank ad am stoffel brothers’ children, and my Mother’s, ñora theresa sheehan stoffel sisters’ and brothers’ children, I john edward stoffel, have no relatives who are more closely related to me than those of first cousins. I do not feel any particular affection for any of my first cousins, nor do I feel that any of them is entitled to be the recipient of any of my bounty in any way.”
Decedent has taken pains to outline his family tree, to identify his nearest kin, and to disinherit them.
*1040 It is apparent after reading the will as a whole together with the first codicil thereto that the only logical conclusion which can be drawn is that decedent did not desire any surviving relative in any degree to share in any way in his estate. Therefore, this court holds that the petitioners have no standing to bring this proceeding. For this court to do otherwise, would be a frustration of decedent’s testamentary intent.
This holding in no way repudiates Beu (70 Misc 2d 396, supra). The holding today merely concludes that Beu does not apply to the facts and circumstances of this particular case.
Since no one with standing has asked the court to construe the reasonableness of the bequest made by the testator, the court does not reach the substantive questions relative to the construction of the will.
Accordingly, the motion to dismiss the petition is granted.