In the Matter of the Estate of BENJAMIN BERNSTEIN, Deceased. ANITA BERNSTEIN, Appellant; SIMON LOPATA, Respondent. [837 NYS2d 228]—

In a proceeding pursuant to SCPA 1420 for the construction of a will, the petitioner appeals from a decree of the Surrogate's Court, Nassau County (Riordan, J.), dated May 18, 2006, which denied the petition and dismissed the proceeding for lack of standing.

Ordered that the decree is affirmed, with costs.

The testator Benjamin Bernstein died on June 8, 2004, leaving a will dated July 28, 2003. In the will, the testator bequeathed $20,000 to each of his three children, including the oldest, the petitioner Anita Bernstein. The testator also bequeathed a total of $221,000 to various charities and organizations. The will also contained an in terrorem clause which stated, "In the event that any beneficiary under this Will, directly or indirectly, file, support or be a party to a court action against me, my estate, or my Executor, about the provisions of the Will, then I direct that every gift made to them in this Will or *otherwise to be a beneficiary* shall terminate and become void and shall revert back to my residuary estate" (emphasis added).

The petitioner unsuccessfully contested the probate of the will and then commenced this proceeding for a construction of the residuary clause which directed that the executor "distribute the residuary of [the] estate to charities of his/her choice." The Surrogate's Court found that the petitioner lacked standing to object to the residuary clause because she violated the in terrorem clause, thereby resulting in a forfeiture of any interest in the estate. The Surrogate's Court also found that the residuary clause of the decedent's will constituted a valid charitable bequest.

SCPA 1420 (1) states that a person interested in obtaining a construction of a will may petition "in the court in which the will was probated." A person is "interested" in the will if he or she is entitled to a share in the property that will be affected by the construction of the will (11 Warren's Heaton on Surrogate's Courts § 187.05 [3] [c] [7th ed]). The petitioner contends that the phrase "otherwise to be a beneficiary" contained in the in terrorem clause did not disinherit her from obtaining the testator's property in intestacy.

"The purpose of a will construction proceeding is to ascertain and give effect to the testator's intent" (*Williams v Williams*, 36 AD3d 693, 694 [2007]; *see Matter of Gustafson*, 74 NY2d 448, 451 [1989]). "This intent. . . must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Williams v Wil-*

*liams, supra* at 694, quoting *Matter of Fabbri*, 2 NY2d 236, 240 [1957]). A review of the will shows a clear intent on the testator's part to disinherit any party who objected to the probate of the will from taking their bequest and any distributive share that the party may have in intestacy (*see Matter of Cairo*, 35 AD2d 76 [1970], *affd* 29 NY2d 527 [1971]; *Matter of Stoffel*, 104 Misc 2d 154 [1980], *affd* 79 AD2d 658 [1980]). Therefore, the Surrogate's Court properly determined that the petitioner lacked standing to bring the instant construction proceeding. Rivera, J.P., Goldstein, Dillon and Carni, JJ., concur. [*See* 12 Misc 3d 1157(A), 2006 NY Slip Op 50939(U) (2006).]