DURKEE v. SMITH et al.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

1. WILLS ⟷13—TESTAMENTARY POWER—RESTRICTIONS.

A testator may not evade General Municipal Law (Consol. Laws, c. 24) § 146, forbidding the devise of more than one-half of the testator's property to charity, where he leaves specified relatives surviving; by devising it to individuals apparently absolutely, but really under an agreement that they will carry out his wishes as to the charitable disposition.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 32–34, 38, 39; Dec. Dig. ⟷13.]

2. WILLS ⟷13—TESTAMENTARY POWER—RESTRICTIONS—SECRET TRUST.

That a testator, being unable to legally devise all of his property to a charity, devised a portion of it to individuals, expressing a desire that they carry out his wishes, does not make the devise to individuals invalid, as a secret trust, so long as there is no obligation on the part of the devisees to follow the testator's wishes.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 32–34, 38, 39; Dec. Dig. ⟷13.]

3. WILLS ⟷13—RESTRICTIONS—EVASIONS.

That a testator's will showed he hoped individual devisees would carry out his wishes, and devote to a charitable purpose property which he could not legally devise to charity, does not, where there was no direct command or expression of desire, make the devise to individuals void as a secret trust.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 32–34, 38, 39; Dec. Dig. ⟷13.]

4. WILLS ⟷13—RESTRICTIONS—EVASIONS.

Where a testator, who could not devise all of his property to a charity, devised part to individuals, giving them directions outside the will to devote it to the charitable purpose, such devise is invalid as a secret trust, being an evasion of the statute.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 32–34, 38, 39; Dec. Dig. ⟷13.]

5. WILLS ⟷13—SECRET TRUST—EVIDENCE.

Evidence *held* insufficient to establish that a testator, who devised property to one of the charitable objects authorized by General Municipal Law, § 146, devised one-half of it to his executors in trust to use for that purpose, thus evading the statute.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 32–34, 38, 39; Dec. Dig. ⟷13.]

---

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial and Special Term, Warren County.

Action by Henry Crandall Durkee against Orville C. Smith, as executor, and others. From a judgment (90 Misc. Rep. 92, 153 N. Y. Supp. 316) for the defendant executors, plaintiff and defendant Anna M. Lawler, an infant, appeal. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Beecher S. Clother, of Glens Falls (Edward M. Angell, of Glens Falls, Salisbury & Rowe, of Saratoga Springs, and James McPhillips, of Glens Falls, of counsel), for appellants.

Louis M. Brown, of Glens Falls (J. A. Kellogg, of Glens Falls, of counsel), for respondents.

COCHRANE, J. Henry Crandall, a resident of Glens Falls, N. Y., died on the 19th day of February, 1913, leaving a last will and testament, executed December 30, 1902, and two codicils thereto, executed respectively December 10, 1903, and May 24, 1911, which will and codicils have been duly admitted to probate. He left a widow surviving him, who has since died, but no descendants.

By the first paragraph of his will the testator directed the payment of his debts. By the second paragraph he gave to his wife, in case she survived him, the use of all the rest and residue of his estate for her life. By the third paragraph he gave all of the rest and residue of his estate, in case his wife did not survive him, and in case she did survive him, then upon her death, to Louis M. Brown, Orville C. Smith, Russell A. Little, William A. Wait, and Sherman Williams, as trustees, and to their successors in trust. The fourth paragraph provided that such trustees and their successors should be a corporation under the name of the "Crandall Trust," and that they should take and hold the rest and residue of his property as a corporation, for the purpose of creating, continuing, enlarging, improving, and maintaining a public library and one or more public parks in Glens Falls under and pursuant to the provisions of chapter 160 of the Laws of 1890 as amended (said statute being now article 7 of the General Municipal Law). The said fourth paragraph, and the fifth, sixth, seventh, eighth, and ninth paragraphs of the will gave minute and detailed instructions to the trustees concerning the said "Crandall Trust" and the duties of the trustees in reference thereto. The tenth paragraph of the will was as follows:

"Tenth. I intend to legally dispose of all my estate whatever by this instrument; and, to be more certain of doing so, I hereby provide and will that if any devise or bequest hereinbefore contained for any cause or reason is or shall be held to be unlawful, invalid or void, then in any and every such case or cases I hereby give, devise and bequeath any and all the property and estate whatever as to which the hereinbefore devise or bequest, or any part of any such devise or bequest, is or shall be held to be unlawful, invalid or void to said Louis M. Brown, Orville C. Smith, Russell A. Little, William A. Wait and Sherman Williams, not as trustees nor as tenants in common, but to them as individuals, and absolutely and jointly and as joint tenants, and to be held by them in joint tenancy."

The eleventh and last paragraph of the will nominated an executor thereof. The provisions of the codicils have no bearing on the questions here involved.

Section 7 of chapter 160 of the Laws of 1890, as amended and in force at the time of the execution of said last will and testament (now section 146 of the General Municipal Law), provided as follows:

"This article shall not be construed or held to authorize any devise or bequest whatever, unless the will was executed at least two months before the decease of the testator or testatrix, nor of more than one-half of the estate of the testator or testatrix over and above the payment of debts, liabilities and expenses, in case he or she shall leave a husband, wife, child, or parent him or her surviving."

[1-5] It was undoubtedly because of this last-mentioned statutory provision that the testator inserted in his will the tenth paragraph above set forth. The trial justice held the trust void as to one-half of the testator's estate by reason of the survival of his wife, but also held that such one-half of the estate, void so far as the trust is concerned, passed to the trustees individually and absolutely under the tenth paragraph of the will. The appellants claim that there was an agreement between the testator and the beneficiaries under the tenth paragraph of his will that, notwithstanding under said tenth paragraph some of the property might in form come to them absolutely, they would nevertheless devote it to the purposes of the trust in accordance with the previous paragraphs of the will, and that such agreement constituted a secret and void trust in defiance of the statute, and that one-half of the estate should therefore pass to the heirs and next of kin of the deceased as in a case of intestacy. If there was a secret trust of the character indicated, it was void, and the plaintiff's contention is well founded. But the question in the case is whether such a trust or secret agreement has been established.

In the Matter of Keleman, 126 N. Y. 73, 26 N. E. 968, the testatrix by her will made unlawful bequests to certain charitable institutions. Four days after the date of the will she made a codicil thereto as follows:

"Doubts having arisen as to the validity of the bequests made for charitable purposes in my said will, I hereby modify said will dated February 18, 1889, by making my friend Townsend Wandall my residuary legatee and devisee, and hereby request him to carry into effect my wishes with respect thereto, but this is not to be construed into an absolute direction on my part, but merely my desire."

She died within a month thereafter. The court said:

"It is very evident that the decedent did not intend to die intestate as to any part of her estate. By her will she devised and bequeathed any residue of her estate to one of the selected charities, and the purpose of the codicil was to carry that residue certainly and absolutely to Wandall, leaving him in that event to deal with the charities as he pleased. It is true that the expression of a wish or a desire may sometimes serve to found a trust or effect a charge, but such expressions are by no means conclusive. We must still examine the will to discover the testamentary intention. Phillips v. Phillips, 112 N. Y. 205 [19 N. E. 411, 8 Am. St. Rep. 737]. In the present case the testatrix expressly guards against a mistaken interpretation. She says that the expression of her wish is not to be construed as an absolute direction, by which she evidently means that, while she desires that her residuary lega-

tee shall deal with the charities as she would have been glad to, yet she does not mean to fetter his ownership or qualify his right. She leaves him absolute owner, and free to do as he shall choose. She puts upon him no obligation, legal or equitable, but contents herself with the bare expression of a wish, which she hopes will influence his free agency. And so the bequest was absolute, and therefore valid on the face of the will."

In Fairchild v. Edson, 154 N. Y. 199, 48 N. E. 541, 61 Am. St. Rep. 609, the testatrix executed her will, and three codicils thereto, and died, all during the same month. The clause of the will under consideration, as modified by one of the codicils, was as follows:

"If for any reason any legacy or legacies left by my will, or by any codicil, either pecuniary or residuary, shall lapse or fail, or for any cause not take effect either in whole or in part, I give and bequeath the amount which shall lapse, fail or not take effect absolutely to the persons named as my executors. In the use of the same I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no conditions, leaving the same to them personally and absolutely, and without limitation or restriction."

It was held on the authority of the Keleman Case that the will created no trust upon its face.

Those cases are authorities for two propositions as bearing on the present case: First, that the expression of a desire or wish by the testator that his legatees shall make a certain use of their legacies absolute in form is insufficient, and creates no obligation on their part to do so, nor does it establish a trust, so long as they are left free to do as they please, and no conditions or instructions are attached to the bequest. Second, that the will of Mr. Crandall on its face creates no secret trust. The will before us on its face is not as strong for the appellants as in the cases cited. There is no request made of the beneficiaries named in the tenth paragraph "to carry into effect" the wishes of the testator, as was positively made in the Keleman Case, nor any such statement by the testator as in the Fairchild Case, as follows:

"I am satisfied that they will follow what they believe to be my wishes."

Undoubtedly it was his desire that his entire estate should go to the "Crandall Trust." It is impossible to read the will without drawing that inference. That was his preference and his wish. But he carefully avoided using any language directly expressing that desire, and so the language of this will is not as strong or favorable, as creating a secret trust, as was the language of the wills in the cases cited.

It is claimed, however, that the evidence dehors the will itself establishes a secret trust. It is undoubtedly true that, if there was any direction outside the will from Mr. Crandall to the persons named in the tenth paragraph to the effect that they were to use their legacies, not for their individual benefit, but for the purpose of carrying out the trust provisions of his will, or if there was any communication between them to that effect, they would be bound thereby, even by their silence and acquiescence, and should be deemed trustees of a void trust. In Fairchild v. Edson, supra, certain facts extrinsic to the will itself were deemed sufficient to establish a secret trust. Such facts are stated at page 218 of 154 N. Y., at page 546 of 48 N. E. (61 Am. St. Rep. 609), as follows:

"That Mr. Parsons was and long had been the legal adviser of the testatrix; that the will and codicils were prepared under his supervision; that he attended to the execution of this second codicil within 48 hours of his client's death with more than usual care, reading it to the testatrix and stopping at the end of each clause until she nodded assent; that shortly after her death the residuary legatees met at Mr. Parsons' office and joined in a deed of gift, with the approval of Rev. Dr. Huntington, which provided, among other things, for the payment of legacies to all the corporations named in the will and codicils that had lapsed for any cause; that Dr. Huntington testified that he paid regard to what he understood to be the wishes of Miss Edson, and learned what they were from the executors."

On such state of facts the court stated at page 217 of 154 N. Y., at page 546 of 48 N. E. (61 Am. St. Rep. 609), that conflicting inferences might be drawn, and the Appellate Division stated (10 App. Div. 113, 41 N. Y. Supp. 729):

"The evidence, so far as Mr. Parsons is concerned, is not great in amount to be sure. But reading between the lines, and drawing such fair inferences as we are compelled to draw from the surrounding circumstances and from subsequent acts, we must conclude from all the facts that when this will was executed he did have an understanding with Miss Edson as to her wishes with regard to this property, and that in making a disposition of her estate she relied upon his tacit consent to be governed by her wishes previously expressed."

It is evident that the case cited was regarded as very close on the facts, both by the Appellate Division and the Court of Appeals, and that inferences might have been drawn either way as to the existence of a secret trust which would have been deemed satisfactory by the court of last resort.

The evidence in the Fairchild Case, supra, I think was much stronger in favor of a secret trust than in the present case. It does not appear who drew Mr. Crandall's will. He did not know, when he executed it, whether or not its trust provisions would be obnoxious to the statute, because that would depend upon whether or not his wife survived him. He lived 10 years after its execution. Mr. Brown, one of the trustees and one of the persons named in the tenth paragraph, is an attorney at law and drew the first codicil about a year after the execution of the will. The contents of the codicil have no bearing on this question. He had in his possession at that time the will, and was familiar with its contents, and either at that time or at some other time Mr. Crandall asked him if he knew of any way in which the provisions of the will could be improved. That is all the evidence there is tending to establish a secret trust. Mr. Brown testified that there was no conversation about the tenth paragraph of the will, nor as to what should be done with the property, provided it came to him and the other trustees as individuals, and that at no time was he given instructions what he should do with it under those circumstances.

On such evidence the trial justice has resolved all inferences in favor of the respondents, and has found as a matter of fact that there was no understanding, express or implied, between Mr. Crandall and any of the individuals named in the tenth paragraph, that they would devote to the trust purposes of the will any of the property if it should come to them individually, and that:

"No wish, intention, or expectation which said Henry Crandall may have entertained in respect to the ultimate use or disposition of any property which the devisees named in said 'tenth' paragraph might become entitled to receive thereunder was ever communicated by him to said devisees, or any of them, except as such wish, intention, or expectation appears on the face of said will, and came to the knowledge of the said devisees, or one of them, by an inspection thereof, and not otherwise."

It cannot be said that these findings are against the weight of evidence, and if they stand, as I think they must, they are conclusive against the appellants. The difficulty with the plaintiff's case is that there is no evidence of any instructions by the testator to the persons named in the tenth paragraph that they were to use the property for the purposes of the trust, provided it came to them individually, nor of any communication passing between him and them on that subject.

The cases of Matter of O'Hara, 95 N. Y. 403, 47 Am. Rep. 53, much relied on by the appellants, and Trustees of Amherst College v. Ritch, 151 N. Y. 282, 45 N. E. 876, 37 L. R. A. 305, are clearly distinguishable from the present case. In both of those cases letters of instruction or written memoranda were delivered simultaneously with the wills, creating duties and obligations inconsistent with the absolute ownership of the legacies created by the wills.

The fact that the beneficiaries of the tenth paragraph of the will are made joint tenants, rather than tenants in common, is of no significance, except as it may indicate more clearly a wish or desire on the part of the testator to have them devote his property to the purposes of the trust. It may be that by creating a joint tenancy the testator thought he was facilitating somewhat the accomplishment of his hopes, and in connection with other facts that fact might be a circumstance of some strength. But it is impossible to deduce from that circumstance alone the existence of an agreement not to treat the tenth paragraph of the will as an absolute disposition of property.

The judgment should be affirmed, with costs. All concur.