Peter M. Daly, J.
Application by the co-committee of the property of an incompetent person for various relief embodied in a petition and order to show cause, dated September 27,1955. The court already has passed upon the relief sought in subdivisions “A” and “ E ” of the petition, leaving for determination subdivisions “ B ” “ C ” and “ D.” The relief sought in subdivision “ D ” is granted in all respects.
In subdivisions “ B ” and “ C ” of the petition instructions are sought as to whether the committee should file a right of election on behalf of the incompetent to take against the last will and testament of her deceased husband pursuant to section 18 of the Decedent Estate Law and whether said committee should institute a proceeding to construe said last will and testament with respect to the provisions of section 17 of the said law. In determining whether or not to grant this relief it is the function of this court to ascertain what, in all probability, would be the choice of the incompetent if she, herself, were competent to make that choice. (Matter of Hills, 264 N. Y. 349, 353-354.)
By the will of the incompetent’s deceased husband, the net income from his residuary trust estate was to be applied to his wife’s use, maintenance and support for life with absolute discretion in the executors and trustees, at any time, to apply to such purposes all or any part of the principal of the said trust set up for her benefit. Upon her death, one quarter thereof is to go to North Shore Hospital, Inc., one quarter to the College of Engineering of Cornell University and the balance to Cornell University, itself. In the last will and testament of the incompetent, executed on August 2, 1944, she devised the residue of her estate to Cornell University. No evidence has been adduced to show any change in this intention. It seems quite clear to the court that, under the circumstances, the incompetent, if competent to choose at this time, would give her residuary estate to Cornell University regardless of whether she might be the sole beneficiary of her husband’s will.
As for contesting that will because certain charitable beneficiaries were bequeathed more than the legal maximum, the sole purpose of section 17 of the Decedent Estate Law is to protect the natural objects of the testator’s bounty from improvident gifts to their neglect. (Amherst College v. Ritch, 151 N. Y. 282; Matter of Tone, 186 App. Div. 361, 366, affd. 226 N. Y. 696.) The natural objects of this bounty are listed in the statute as “a husband, wife, child, or descendant or parent.” The right to contest the excess of the legal maximum which the charity beneficiaries may take is confined to those persons and such right *412 can be waived or retained by them at their election. (Matter of Hills, 264 N. Y. 349, 354, supra.)
In the instant case the incompetent is the only person who conld, under the statute, retain or relinquish the right to contest inasmuch as her husband left no child, descendant or parent surviving him. The court finds that she would not wish to contest her husband’s testamentary disposition not only because it would run counter to her wishes as expressed in her own will, but would result in unnecessary interference with the interests of her late husband, as embodied in his testamentary plan, with no practical benefits to herself. She is a woman, seventy-three years of age, and an invalid confined to a hospital. The income from her husband’s estate more than provides for all her needs since it is estimated to amount to some $30,000 a year against the cost of her maintenance of about $24,000 a year. The present annual income from her separate estate amounts to about $12,000.
A successful contest of the legality of her husband’s charitable bequests would not affect the validity of the trust provisions for the benefit of the incompetent, and no distribution of the corpus of the trust could be made to either the charity beneficiaries or the distributees of the testator prior to the incompetent’s death. (Matter of Franklin Trust Co., 190 App. Div. 575; Matter of Gaubert, 158 Misc. 444; Matter of Voelker, 158 Misc. 97.) Accordingly, the incompetent would, during her lifetime, receive no more than she would under her husband’s will as it is written. In fact she might be the loser inasmuch as that will directed that all estate, transfer, inheritance and succession taxes on all property passing under said will should be paid out of the residuary estate. Thus the excess of the legal maximum which the charities may take, and which is now exempt from taxation, might become taxable if distributed to the testator’s distributees. This would result in lessening the net income from the trust created for the incompetent’s benefit.
For all of the foregoing reasons the committee of the property of the incompetent will be instructed not to file a right of election on her behalf to take against her husband’s will pursuant to section 18 of the Decedent Estate Law and not to institute a proceeding to construe said will with respect to the provisions of section 17 of said law. Proceed on notice.