Johh T. Clahcy, S.
This is an application instituted by order to show cause, for permission to file a notice of election pursuant to EPTL 5-3.3, and for an extension of time in which to file said election.
The application is being made by the general guardian of the person and property of an infant distributee. The decedent died on May 16, 1968. Letters of guardianship were issued to the petitioner by a decree of the Surrogate’s Court, Westchester County, entered on July 5, 1968. The will was admitted to probate and letters testamentary issued on February 3, 1969.
The issue raised in this ease is whether the petitioner is barred from filing a notice to elect against an excessive charitable disposition because of the time limitations of EPTL 5-3.3.
The applicable portions of the statute, EPTL 5-3.3 (subd. [a], pars. [4], [5]) read as follows:
*1037 ‘ ‘ (4) The right to contest a disposition as invalid is personal to the issue or parent authorized herein to contest, except that such a contest may be maintained by the guardian of the property of an infant when authorized by the surrogate having-jurisdiction of the testator’s estate and by the committee of an incompetent when authorized by a court of competent jurisdiction.
(5) An election to contest under this section must be made within six months from the date of the issuance of letters. Written notice of such election shall be served upon any personal representative in the manner prescribed by this article for the service of notice of election by a surviving spouse. The time to make such election may be extended before its expiration by an order of the surrogate’s court from which such letters issued for a further period not exceeding six months upon any one application. If an issue or parent defaults in making such election within six months from the date of issuance of letters, the surrogate’s court may relieve such person from such default and authorize the making of an election within the period fixed by the order,, provided that no decree settling the account of the personal representative has been made and that twelve months have not elapsed since the issuance of letters. Application for relief from a default and for an extension of the time to elect shall be made upon a petition showing reasonable cause and on notice to such persons and in such manner as the surrogate may direct. ’ ’
It is the contention of the petitioner that paragraphs (4) and (5) of subdivision (a) must be read together and that the time limitation for filing a notice of election by a guardian does not commence until the Surrogate has authorized such a filing.
Prior to the enactment of the EPTL there was no time limitation on a charitable election. (Decedent Estate Law, § 17.) EPTL 5-3.3 (subd. [a], par. [5]) attempts to apply the short period of limitations for an election by a surviving spouse, as contained in EPTL 5-1.1 (subd. [e]), to an election under this section. However, the draftsmen, intentionally or otherwise, failed to include the clause of EPTL 5-1.1 (subd. [e], par. [3]), which provides as follows:
“ (3) The time limited in this paragraph for making an election is exclusive and shall not be suspended or otherwise affected by any provision of law, except that the surrogate may, in his discretion, permit an election to be made in behalf of an infant or incompetent spouse at any time up to, but not later than, the entry of the decree of the first judicial account of the per *1038 manent representative of the estate, made more than seven months after the issuance of letters.”
Paragraph (3) of subdivision (e) was originally enacted in 1936 as an amendment to subdivision 7 of section 18 of the Decedent Estate Law. (L. 1936, ch. 114.) It was the result of a construction of section 18 of the Decedent Estate Law by the Appellate Division, Second Department, in Matter of McGarry (245 App. Div. 834). The court held that the period of time fixed in the statute for filing a notice of election was not mandatory as to infants and incompetents, but could be extended by the court. The Court of Appeals affirmed the Appellate Division. (270 N. Y. 514.) Although Matter of McGarry (supra) dealt with the late filing by the committee of an incompetent husband of a notice to elect pursuant to section 18 of the Decedent Estate Law, the language construed by the Appellate Division was substantially the same language we are asked to construe in EPTL 5-3.3 (subd. [a], pars. [4], [5]) with respect to the time limitations for filing.
Whether or not it was the result of a legislative oversight, the failure to include in EPTL 5-3.3 the language of EPTL 5-1.1 (subd. [e], par. [3]) results in an inconsistency and an ambiguity which should be corrected. In the meantime, in the light of the Matter of McGarry (supra) and the apparent intent of the Legislature to expand the time for filing of a notice to elect in the case of an infant or incompetent at least until the entry of the decree of the first judicial accounting, the court must hold that the general guardian of the infant is not barred by the time limitations of EPTL 5-3.3 (subd. [a], par. [5]). from filing a notice to elect to contest a charitable disposition.
Permission to serve and file a right of election in accordance with EPTL 5-3.3 is granted on condition that it be done within 20 days of the entry of the order hereon.
Submit order on notice.