S. Samuel Di Falco, S.
This is a motion for summary judgment in an accounting proceeding. The estate is valued at more than $2,000,000. The testatrix died in 1970. Under her will bequests of $50,000 were left to each of nine charities. The entire residuary estate is bequeathed to the Archbishopric of New York. Article Tenth of the will calls for alternative disposition of the residuary in the event of a contest of the will on the basis of an excessive distribution to charity (EPTL 5-3.3).
In that event the gift “ shall pass to, and I give, devise and bequeath the same to, such person, individually and not in any representative, fiduciary or ecclesiastical capacity, as shall at the time of my death be either the Archbishop of the Roman Catholic Archdiocese of New York, or, if one is not then acting, the Administrator of said Archdiocese; and without intending to create any trust, charge, condition or limitation enforcible in either law or equity, I request the person so receiving such part of my residuary estate to use and dispose of the same in a manner which he believes would be in conformity with my wishes.”
The decedent was survived by a 41-year-old incompetent son who has been institutionalized since early childhood. In her will the testatrix referred to him with the following provision: “ I am making no provision in this Will for my son and only issue paul Stephen ames, in as much as he is already provided for under the Last Will and Testament of my late mother Lilian L. Weil. ”
The affidavit in support of the motion asserts that the son will receive as his share in the remainder of his grandmother’s trust, a sum in excess of half of one million dollars.
*474 Decedent died on June 5,1970. The will was admitted to probate and letters were issued on December 3,1970. By petition dated April 7, 1972 the executors asked that this court adjudge that the right of the son to contest the will under EPTL 5-3.3 (subd. [a], par. [5]) had expired. The time limitation is six months from the date letters are issued (with possible extension of the period for six more months). The petitioners contend that an election should have been filed before June 3,1971, or request for leave to file made before December 3, 1971.
The son was adjudged incompetent on November 22, 1971 and on December 6, 1971 the committee was authorized by the Supreme Court, New York County, to assume the duties of committee of his property. On May 22, 1972 as provided for in EPTL 5-3.3 (subd. [a], par. [4]) the committee was authorized by the Supreme Court to contest in behalf of the incompetent this excess charitable disposition. The proceeding in the Supreme Court was ex parte (cf. Matter of Ford, 4 Misc 2d 410; Matter of Goldfarb, 17 Misc 2d 649). It does not appear that any party argued against the exercise of the Supreme Court’s discretion.
The petitioners ’ motion for summary judgment asks the court to adjudge that the notice of election made by the committee be adjudged (1) as not timely and invalid; (2) that the notice of election was not made on behalf of an issue who would receive a pecuniary benefit from a successful contest pursuant to EPTL 5-3.3 (subd. '[a], par. [1]); and (3) that the express intent of this testatrix that her son be disinherited bars any election under the doctrine of Matter of Cairo (35 A D 2d 76, affd. 29 N Y 2d 527).
First, I rule that the election was timely filed. In section 17 of the Decedent Estate Law, the forerunner of EPTL 5-3.3, there was no time limitation on a charitable election. A short period of limitation as was contained in section 18 of the Decedent Estate Law (now EPTL 5 — 1.1) relating to election by a surviving spouse was similarly provided for in the case of a charitable election. Prior to this change the estates of decedents who had made substantial charitable dispositions were unduly complicated. EPTL 5-3.3 differs from the spouse’s election in this respect. EPTL 5-1.1 (subd. [e], par. [3]) says: “ The time limited in this paragraph for making an election is exclusive and shall not be suspended or otherwise affected by any provision -of law, except that the surrogate may, in his discretion, permit an election to be made in behalf of an infant or incompetent spouse at any time up to, but not later than, the entry of the decree of the first judicial account of the permanent representative of the *475 estate, made more than seven months after the issuance of letters. ”
By reason of oversight or otherwise the Legislature omitted this language from EPTL 5-3.3 relating to late filing by a person under disability.
Surrogate Clancy referred to this omission in Matter of Rockefeller (63 Misc 2d 1036, 1037). He importuned the Legislature to correct this ambiguity and inconsistency. He allowed an election beyond the statutory period, finding an apparent intent on the part of the Legislature to expand the time of an incompetent or infant in a charitable election.
Professor Samuel Hoffman of Brooklyn Law School, a research counsel with the Commission on Estates which dr&'f Ad EPTL, says in his Practice Commentary to EPTL 5-3.3 (McKinney’s Cons. Laws of K Y., Book 17B, EPTL 5-3.3, p. 784) “ The general procedure for commencing a contest under the section parallels precisely the procedure by which a surviving spouse commences an election under paragraph (e) of 5-1.1. ”
The difference in the text indicates perhaps that the sections are not precisely parallel. This court, nevertheless, agrees that the Legislature intended equal treatment of spouses and persons under disability. An incompetent .spouse who is bequeathed less than the statutory minimum may apply for an extension of time up to the entry of a decree settling the first judicial account in an estate. This incompetent has the same right as to an excessive charitable disposition. The election was timely filed.
Having ruled on the question of time limitation in favor of the incompetent I must now decide the validity of the alternative disposition to the individual named to take in the event of a contest. It is my ruling that the alternative disposition is valid.
EPTL 5-3.3 (subd. [a], par. [1]) states that: “an issue or parent may not contest a disposition as invalid unless he will receive a pecuniary benefit from a successful contest ”.
It is my decision that a clause providing for an alternative disposition of an excessive charitable disposition may deprive a parent or issue (the incompetent in. this case) of any .status to contest under EPTL 5-3.3. (Durkee v. Smith, 90 Misc. 92, affd. 171 App. Div. 72, mot. to dismiss app. den. 218 N. Y. 619, affd. 219 N. Y. 604.) My colleague, Surrogate Midonick, treated this question by way of dictum in Matter of Rothko (71 Misc 2d 74, 77) when he said: “Issue can still be disinherited in favor of charity by a skilled will draftsman, because an issue or parent may only contest a charitable bequest if he will receive a pecuniary benefit from a successful challenge, either as a legatee or *476 distributee. (EPTL 5-3.3, .subd. [a], par..[!].) Thus an issue is deprived of .standing to make an election against a charity if the testator makes a gift over of a failed gift to charity to some unrelated person. The Cairo case enlarges this legislatively created loophole by applying it when the testator clearly expresses an intent to disinherit issue in all events ”.
Professor Hoffman in his Practice Commentary (supra, p. 782) shares this view citing Durkee v. Smith (supra).
In disposing of this motion for summary judgment I have considered each ground urged in the order in which it ‘ivas presented in the moving papers. Having found a valid alternative disposition to the individual named in the will, there is no necessity to consider the Cairo doctrine and its relation to this will containing, as it does, an express intent to disinherit this particular issue of the testatrix. In Matter of Cairo (35 A D 2d 76, affd. 29 N Y 2d 527, supra) there was no valid alternative disposition. Because of the alternative disposition, I must grant this motion.
The notice of election in this case is invalid. The motion for summary judgment is granted.