William J. Regan, S.
In this judicial settlement proceeding the petitioners request a determination of the proper beneheiaries under the last will and testament of Sidney Charles Cameron. Sidney Charles Cameron died on January 7, 1969, leaving a last will and testament dated February 5, 1964, which was duly admitted to probate in this court ,on April 21,1969.
The testator was survived by a daughter, Nora Cameron, and a grandson, Kenneth Cameron Dow, the child of the testator’s predeceased daughter, Margaret Dow. The whereabouts of the respondent, Nora Cameron, are unknown, and the court has appointed a 'guardian ad litem to protect her interests, if any, in this proceeding.
Article second of the will directs the executor to sell the decedent’s one-half interest in the real property commonly known as 182-184 West Huron Street, Buffalo, New York, and gives, devises and bequeaths the proceeds of said sale to Margaret Dow. No requirement was placed on that gift that Margaret Dow survive the decedent.
Approximately one year after decedent’s death, the real property in question had not been sold and was substantially dam *176 aged by fire. The estate recovered ithe sum of $2,263.38, representing one half of the entire settlement made with the fire insurance carrier. The estate will receive an additional sum of $3,000 upon the consummation of the pending sale of .said property, said amount representing one half of the contract price of $6,000.
Since the bequest is absolute, the antilapse statute applies to the bequest and all the moneys received by the estate attributable to the real property vests in Kenneth Cameron Dow, the sole surviving issue of Margaret Dow. (EPTL 3-3.3.)
The applicable provisions of that statute provide: “ (a) Unless the will provides otherwise: (1) Whenever a testamentary disposition is made to the issue .or to a brother or sister of the testator, and such beneficiary dies during the lifetime of the testator leaving issue surviving such testator, such disposition does not lapse but vests in such surviving issue, per stirpes.”
The insurance proceeds must be considered a part of the proceeds of the .sale of the real property which was contemplated by the testator. The testator clearly intended by the gift provided for in article second that one half of the proceeds from the sale of the premises, and no less, be given to Margaret Dow, or in this case, to her son, Kenneth Cameron Dow. The insurance proceeds therefore cannot be considered part of the residuary estate.
Counsel for the respondent Kenneth Cameron Dow argues that the antilapse statute also applies to article fifth of the last will and testament herein. Article fifth provides that the testator’s residuary estate be paid to his daughter, Margaret Dow, and in the event of her death, to his son-in-law, John Dow. Obviously the antilapse statute does not apply where a gift over is provided by the testator. Under normal circumstances, therefore, in view of the prior death of Margaret Dow, .and in view of the prior death of John Dow, the residuary estate would be distributed by intestacy and in this case would pass to Kenneth C. Dow and' Nora Dow equally. One must consider, however, whether this was the result that was intended by the testator. In reading the will as a whole the court finds that testator intended to disinherit his daughter, Nora Cameron, from receiving anything under or through his estate. This is particularly indicated by article sixth of said will.
“ Article sixth: I have not overlooked my beloved daughter, Nora Cameron, but I have made no bequests in her behalf for reasons best known to my children and myself.”
*177 EPTL 1-2.18 (subd. [.a]) provides as follows: “ (a) A will is an oral declaration or written instrument, made as prescribed by 3-2.1 or 3-2.2 to lake effect upon death, whereby a person disposes of property or directs how it shall not be disposed of, disposes of his body or any part thereof, exercises a power, appoints a fiduciary or miakes any other provision for the administration of his estate, and which is revocable during Ms lifetime.”
It is the opinion of this court that even though the provisions of article sixth might have been more specifically drawn, a reading of the entire will indicates that it was testator’s specific intent to disinherit his daughter, Nona Cameron. It is therefore the decision of tMs court that the entire residuary estate should be distributed to Kenneth Cameron Dow by virtue of the disinheritance of Nora Cameron.
The order incorporating this decision shall provide that tMs matter be restored to our general calendar for the purpose of determining counsel fees in connection with this proceeding.