OPINION OF THE COURT
Bernard M. Bloom, S.
This is a motion by one of the nominated executors for summary judgment dismissing the objections to probate filed by Suzanne H. Epstein, daughter and sole distributee of testatrix Sally Lippner.
Testatrix Sally Lippner, an attorney, died January 11, 1980. Her will dated December 1, 1979 has been offered for probate.
THE PROVISIONS OF THE WILL
Mrs. Lippner in her residuary, paragraph four, disposes of her entire estate to five named charities. There are no preresiduary dispositions other than a gift of a few Israeli bonds to the State of Israel.
Paragraph two of the will contains a "negative” will disposition. (EPTL 1-2.18.) It provides — "I make no bequests or other testamentary disposition to my daughter SUZANNE H. EPSTEIN because I have sufficiently provided for her during my lifetime.”
Paragraph seven makes provision for the contingency that any part of her estate may lapse into intestacy. Mrs. Lippner there provides — "In the event that any part of my bequest contained herein shall fail or become ineffectual then in that event [the property shall pass to my trustees pursuant to an inter vivas trust agreement.]”
It is further observed in the above regard that on December 1, 1979, the same date as the execution of the will, Mrs. Lippner executed an instrument creating an inter vivas unfunded trust. The instrument directs that the trust shall be funded with the donor’s property "that shall come into the possession of the Trustees in the event that any gift, devise or legacy made under the Last Will and Testament of the donor shall fail or become ineffectiveThe trustees named in the inter vivas instrument are the same persons named as executors of her will. In essence, the trust instrument provides that the trustees shall pay the income from the fund to the same five named residuary charitable beneficiaries of her will. At the end of a five-year period the five named charities are to receive the then principal in equal shares.
*821 Also noted is that paragraph eleven of the will is a "no contest” clause (EPTL 3-3.5, subd [b]) providing — "Any person who shall contest this will for any reason shall forfeit any right that may have accrued to him or her by reason of such contest.”
Parenthetically it is also observed that the moving papers establish that prior to the execution of the will, there has been litigation between testatrix Mrs. Lippner and her daughter Suzanne H. Epstein. The provisions of the will plus the "history” of this litigation are offered, if such is relevant, to establish an intention on the part of Mrs. Lippner to exclude her daughter and sole distributee from any part of the estate.
THE OBJECTIONS TO PROBATE
On February 14, 1980, Suzanne H. Epstein, as sole distributee filed objections to probate. These are (as later amended)—
1. Failure of due execution,
2. Forgery,
3. Lack of testamentary capacity,
4. Fraud and undue influence.
It is observed that at least in her objections daughter Suzanne does not contest as excessive her mother’s dispositions to the charities. (EPTL 5-3.3.) Although the decisions permit such an objection to be included with objections to probate, the courts have uniformly postponed consideration of a charitable objection ("election”) until the probate contest is disposed of. The reason is of course that if the will falls by reason of the other objections, the charitable dispositions will fall with the will.
THE MOTION FOR SUMMARY JUDGMENT
In the motion for summary judgment, the moving executor contends that daughter Suzanne has no "standing” to contest her mother’s will.
Of course any distributee of the testatrix whose interest is "adversely affected” by admission of the will to probate, may file objections to probate. (SCPA 1410.) Since daughter Suzanne receives the entire estate in intestacy and nothing under the will, her interests are surely "adversely affected” by the admission of the will to probate.
The moving executor contends however that since the terms *822 of the will in the event of intestacy deprive daughter Suzanne of any interest whatsoever in her mother’s estate, she has no "standing” to object. Put another way, he contends that since daughter Suzanne receives nothing under the will and nothing in intestacy, she is not a "person whose interest * * * would be adversely affected by the admission of the will to probate” (SCPA 1410).
We discuss these contentions.
I. THE "no CONTEST” CLAUSE
The "no contest” clause in the will does not per se affect daughter Suzanne’s right to contest her mother’s will. If any one of her four objections (due execution, forgery, lack of testamentary capacity, fraud and undue influence) would be sustained by the verdict, the entire will would be denied probate. If the will falls, so will fall the "no contest” clause as well.
(It is observed parenthetically in the latter regard, that a "no contest” clause [EPTL 3-3.5, subd (b)] or a "forfeiture” clause [EPTL 3-3.5, subd (a)] if specifically directed against named issue or a class of issue [rather than in general terms as in Mrs. Lippner’s will] may deny to such issue standing to contest an excessive charitable disposition under EPTL 5-3.3. [Matter of Alexander, 90 Misc 2d 482, affd 63 AD2d 612.] But neither a "no contest” or "forfeiture” clause may under any circumstances deny to a distributee "standing” under SCPA 1410 to contest probate of the will.)
II. THE NEGATIVE WILL DISPOSITION
EPTL 1-2.18 defines the term "will” in relevant part as follows: "A will is [a] written instrument, made as prescribed by 3-2.1 * * * to take effect upon death, whereby a person disposes of property or directs how it shall not be disposed of’. (Italics supplied.)
The italicized phrase (added in 1966) defines a "negative will disposition” as one in which a testator directs to whom or how his property shall not be disposed of. Mrs. Lippner in paragraph two of her will directed that her daughter Suzanne shall not receive any "bequest” or "testamentary disposition” under her will.
A series of cases have held that when a testator directs that any person (or class) named in his will shall receive no "testamentary disposition” or no "further testamentary disposition”, such a direction serves to deprive such person (or *823 class) of any share as a distributee should any part of the estate for any reason lapse into intestacy. (Matter of Dammann, 12 NY2d 500, 507; Matter of Weissmann, 137 Misc 113, 116, affd 232 App Div 698; Matter of Potter, 68 Misc 2d 745; Matter of Beu, 70 Misc 2d 396, affd 44 AD2d 774; Matter of Cameron, 80 Misc 2d 174.)
However, while a negative will disposition may so long as the will stands deprive daughter Suzanne of any benefit in her mother’s testate or intestate estate, it cannot deprive her of "standing” under SCPA 1410 to contest probate of her mother’s will. For, as in the case of the "no contest” provision, if daughter Suzanne is successful at trial in establishing any one of her four objections to probate, the entire will including the negative will disposition will be denied probate.
The cases cited by the moving executor concern "standing” to contest an excessive charitable disposition. EPTL 5-3.3 permits a child ("issue”) of testator to contest a charitable disposition in excess of one half of the testamentary estate less debts. However EPTL 5-3.3 (subd [a], par [1]) provides: "An issue * * * may not contest a disposition as invalid unless he will receive a pecuniary benefit from a successful contest * * * as a distributee.” (Italics supplied.)
A provision in the will that a testator does not wish his named issue (or class of issue) to receive any "testamentary disposition” or any "further testamentary disposition” will also deprive such issue of any share of the excessive charitable disposition which may lapse into intestacy. Thus by virtue of the quoted statute (EPTL 5-3.3, subd [a], par [1]) such issue will be unable to receive any pecuniary benefit as a result of a successful contest "as a distributee”. A series of cases so hold. (Matter of Eckart, 39 NY2d 493; Matter of Cairo, 35 AD2d 76, affd 29 NY2d 527; Matter of Alexander, 90 Misc 2d 482, affd 63 AD2d 612, supra; Matter of Norcross, NYLJ, July 29, 1976, p 7, col 2; Matter of Fitzgerald, 72 Misc 2d 472; Matter of Geyer, NYLJ, Oct. 21, 1975, p 12, col 2; Matter of Newkirk, 86 Misc 2d 930.)
There is a distinction between a contest of an excessive gift to charity under EPTL 5-3.3 and a contest of probate under SCPA 1410. The former is an attack against only that part of the disposition to charity which is excessive and the balance of the will remains in force and effect. The latter is an attack on the entire will which if successful causes the entire will to fall.
*824 On the basis of the cited cases, it is probable that if daughter Suzanne contests her mother’s excessive gift to charity, she will be denied "standing” by virtue of the negative will disposition. But she has not done so. Instead she has contested the admission of the entire will to probate. If she is successful, the entire will, including the negative will disposition, will fall.
III. THE INTER VIVOS TRUST
As noted earlier, Mrs. Lippner directed in her will (Paragraph seven) that if any part of her estate should for any reason lapse into intestacy, the share so lapsing shall be paid to the trustees of an inter vivas trust, simultaneously created by separate instrument. It is unnecessary to discuss the doctrine of incorporation of extraneous instruments by reference in a will. (See EPTL 3-3.7; Matter of Murphy, 70 Misc 2d 516.) For here, too, as in the case of the no contest clause and the negative will disposition, if daughter Suzanne is successful in her will contest, the entire will will fall, including the reference to the extraneous instrument creating the inter vivas trust.
Parenthetically, it is observed that if the will stands, the alternative disposition in the inter vivas trust may deprive daughter Suzanne of "standing” to contest as excessive her mother’s gift to charity. (See Durkee v Smith, 171 App Div 72, affd 219 NY 604; Matter of Fitzgerald, 72 Misc 2d 472, supra.)
Testatrix Mrs. Lippner on the date she executed her will, independently also executed a separate instrument creating an inter vivas trust. The instrument provides that the donor (Mrs. Lippner) irrevocably transfers to named trustees any of her property "that shall come into the possession of the trustees in the event that any gift, devise or legacy made under the Last Will and Testament of the donor shall fail or become ineffective.” The instrument is signed by the donor Sally Lippner and the two trustees Gene Crescenzi and Doreen Kay. (The copy submitted to the court does not contain an acknowledgement.)
If the instrument creating the inter vivas trust is treated as a duly attested instrument of a testamentary nature, then daughter Suzanne may file objections to its probate on the same grounds as she objects to the probate of the will. If it is not an instrument of a testamentary nature, there exists a mixed issue of law and fact whether it may be given independent effect. (See Booth v Baptist Church of Christ of Pough *825 keepsie, 126 NY 215; Matter of Salmon, 46 Misc 2d 541; Matter of Vaturi, 33 Misc 2d 295; Matter of Hardecker, 14 Misc 2d 931; Matter of Menken, 180 Misc 656; cf. Matter of Hillowitz, 22 NY2d 107; Matter of Gross, 35 AD2d 830, affd 29 NY2d 739; Matter of Fowles, 222 NY 222; and cases cited.) When such an issue of fact exists, summary judgment may not be granted.
The executors’ motion for summary judgment dismissing objections to probate is denied.