| **Matter of De Camaret** |
|:---:|
| 2007 NY Slip Op 34618(U) |
| October 10, 2007 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2807/2001 |
| Judge: Roth, S. |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT : NEW YORK COUNTY
----------------------------------------x
Probate Proceeding, Will of

    FRANCINE MEYER DE CAMARET,        File No. 2807/2001
    a/k/a FRANCINE MEYER,

               Deceased.
----------------------------------------x

R O T H , S .

    In this contested probate proceeding in the estate of
Francine Meyer De Camaret, decedent's son, Patrick Gerschel, has
objected to probate on the ground that the nominated executors
procured the will by exercising undue influence.  Proponents in
turn have moved for summary judgment dismissing such objection.

    Testatrix died on July 28, 2001, survived by two sons and a
daughter, leaving an estate of over 17 million dollars.  Under
the instruments offered for probate, namely a will (dated April
20, 2000) and two codicils (dated December 12, 2000, and February
16, 2000, respectively), decedent left her residuary estate to
the Emerald Foundation, a charity she had established, and named
three executors, namely, her long-time attorney and the draftsman
of this and other wills, Andrew Heymann; her financial advisor,
Gerard Heymann (the draftsman's brother); and her accountant,
Robert Ladislaw.  Emerald Foundation was also the residuary

1

beneficiary under three prior instruments, dated May 13, 1996, June 25, 1998, and September 17, 1999 respectively, which names Andrew Heymann executor, either alone or to serve with others. A still earlier instrument, dated December 2, 1991, not drafted by Mr. Heymann or any affiliated attorney, leaves decedent's residuary estate to two different charities. Objectant is not a beneficiary under any of the above mentioned instruments.

Proponents move to dismiss the objection based on lack of standing and the absence of any triable issue of fact.

We first address objectant's standing. Under the governing statute, SCPA 1410, any distributee whose interest is adversely affected by probate of the instrument may file objections. Proponents nonetheless contend that objectant lacks standing because he testified at a deposition before trial that he does not believe that the 1991 instrument was obtained by undue influence. Proponents contend such testimony constitutes an admission that the 1991 instrument is valid, and, therefore, that it will ultimately be admitted to probate. Under this theory, objectant has no pecuniary interest in decedent's estate because he is not a beneficiary under the 1991 instrument and thus lacks standing to object to probate of any subsequent instrument.

2

This argument is without merit. First, objectant's testimony regarding the 1991 instrument is not a waiver of his right to contest it (see Matter of DeCameret, 6 Misc 3d 407, in which objectant's brother released "any future challenge against the estate of the releasees that the releasor was deprived of all or any part of an expected inheritance"). Second, the test is not objectant's interest under wills prior to the propounded instrument; rather, the test is objectant's interest under the laws of intestacy. As the propounded instrument leaves objectant less than he would receive in intestacy, he is adversely affected by it and has standing to object to probate (see Matter of Lippner, 104 Misc 2d 819).

Proponents next argue that objectant has raised no triable issue of fact on the question of undue influence. It is well settled that summary judgment may be granted in a probate proceeding (Matter of Cioffi, 117 AD2d 860), even where such proceeding involves issues of fraud and undue influence (Matter of Goldberg, 180 AD2d 528), and that the objectant has the burden of proof to establish undue influence (Matter of Walther, 6 NY2d 49; Matter of Schillinger, 258 NY 156).

Here, objectant has not offered any evidence of any coercive influence affecting decedent's freedom in executing the

3

[* 3]

propounded instrument and no excuse for his failure to do so. Instead, he wants the Court to infer undue influence based upon decedent's personal and professional relationships with Andrew and Gerard Heymann, her designation of them as executors and her failure to provide for her family in the propounded instruments. In support, objectant cites this court's decision in Matter of Singer, 2 Misc 3d 665, where the draftsman testified that decedent nominated the draftsman's two sons, whom she did not know, in preference to her two children, who were the residuary legatees and who had been nominated as fiduciaries under the penultimate instrument. Under such circumstances, the nominated executor was unable to offset the inference that his appointment was the product of overreaching. In the seminal case of overreaching by an attorney, Matter of Weinstock (40 NY2d 1), father and son attorneys, who had just met decedent, drafted an instrument which nominated them both as executors, notwithstanding that decedent had told them of his wish to avoid executors' fees. The Court of Appeals found the attorneys had breached their obligations of full disclosure and fair dealing and were guilty of constructive fraud.

By contrast, this record establishes that decedent had long relationships with all three nominated executors, she had a

4

[* 4]

strong will (confirmed by her daughter, who has no beneficial interest under the propounded instruments), she was estranged from objectant and his children for many years (which objectant concedes) and that she intended to benefit charity rather than family (as set forth in testamentary instruments dating to 1991 and a 1997 videotaped declaration). As this Court stated in Matter of Goldberg, 2/20/91 NYLJ 27, (col 1), affd 180 A.D.2d 528, "Conclusory statements, surmise and speculation will not do. Neither will mere disputations, denials and assertions that trial issues exist" (citations omitted).

Based upon the foregoing, proponents' motion for summary judgment dismissing the objection to probate is granted.

Settle decree.

_____

S U R R O G A T E

Dated: October *10*, 2007