EDA SICKLES CRACKANTHORPE, Appellant, *v.* DANIEL E. SICKLES, Respondent.

First Department, May 2, 1913.

Trust construed — vested contingent remainders — when trust irrevocable — parties defendant.

An instrument conveying personal property in trust, net income to be paid to the creator of the trust for life, the trustee at her death to transfer the property to such persons as the creator may designate by last will and testament, with a direction that if she die intestate to divide the property among such lawful issue as may survive her, creates a vested remainder in the children of the creator, subject to let in afterborn children and to be divested either by the death of a child without issue or by the exercise of the power of appointment by will. Hence, the trust cannot be revoked by the creator without the consent of the remaindermen.

An estate and remainder limited to take effect upon default in the exercise of a power of appointment is not prevented from vesting by the existence of the power, but takes effect as if no power existed, subject, however, to be divested by an exercise of the power.

In an action to construe and annul such trust the children are necessary parties defendant.

APPEAL by the plaintiff, Eda Sickles Crackanthorpe, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of February, 1913, sustaining the

defendant's demurrer to the complaint and dismissing the complaint.

*Albert Stickney* [*Harold Russell Griffith* with him on the brief], for the appellant.

*Daniel P. Hays* [*Beno B. Gattell* with him on the brief], for the respondent.

Judgment affirmed, with ten dollars costs and disbursements, on the opinion of PAGE, J.

Present — INGRAHAM, P. J., CLARKE, SCOTT, DOWLING and HOTCHKISS, JJ.

The following is the opinion of PAGE, J., delivered at Special Term:

PAGE, J.:

This is an action to construe a deed of trust. The relief asked for is a decree that no person other than the plaintiff has any beneficial interest in the deed, and that an attempted revocation thereof by the plaintiff be declared valid, and the defendant be directed to account and pay over the property covered by it to the plaintiff. It is alleged in the complaint that the plaintiff executed a deed of trust to the defendant whereby certain personal property was conveyed to him in trust to manage and invest it and to pay the net income therefrom to the plaintiff during her life, and at and after her death to transfer and distribute the property among such persons as the plaintiff should designate by her last will and testament, and in case the plaintiff should die intestate, to convey to and divide the property equally among the lawful issue of the plaintiff which she may leave surviving her. There was another limitation over in case the plaintiff should die intestate and without issue. The complaint further states that the plaintiff has three children — Frank, George and Ida Crackanthorpe — all of whom are infants under the age of fourteen years. The plaintiff then concludes that she is the only person beneficially interested in the trust deed, and alleges that she revoked it by giving notice in writing to the trustee and that she has demanded the

property from him and her demand has been refused. The defendant demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, and the further ground of a defect of parties defendant. Upon this admitted statement of facts the only issue of law raised by the pleadings is whether the plaintiff is the only person beneficially interested in the deed of trust within the meaning of section 23 of the Personal Property Law,* which provides that the creator of a trust of personal property may revoke it upon the consent of all the persons beneficially interested therein, and whether she has the power to revoke the trust pursuant to this statute. It is claimed that the children of the plaintiff named in the complaint have a beneficial interest in the trust deed, which makes it irrevocable without their consent. It must, therefore, be determined just what the interest of these children is. The effect of the deed was to vest in the plaintiff an equitable life estate in the property, with a general power of appointment by will to any person or persons whom she might designate. In default of an appointment of successors to the property pursuant to the power, the deed created a remainder to the lawful issue of the plaintiff who should survive her. It is a well-established rule, both of the common law and by statute, in this State that estates in remainder which are limited to take effect upon default in the exercise of a power of appointment are not prevented from vesting by the existence of the power, but take effect in the same manner as if no power existed, subject, however, to be divested by an exercise of the power. (*Root* v. *Stuyvesant*, 18 Wend. 257; *Matter of Haggerty*, 128 App. Div. 479; Real Prop. Law,† § 41.) The power of appointment in this case has not been exercised and cannot be until the death of the plaintiff. We may, therefore, eliminate it from our consideration and turn to the next limitation in the deed, which states: "And in case the said party of the first part [plaintiff] should die intestate and without leaving any such last will and testament, then [in trust] to convey, assign, divide and distribute all the real and personal property covered by, included in

---

* Consol. Laws, chap. 41 (Laws of 1909, chap. 45), § 23, added by Laws of 1909, chap. 247.— [REP.

† Consol. Laws, chap. 50; Laws of 1909, chap. 52.— [REP.

or held under the trust hereby created, equally among the lawful issue of the said party of the first part [the plaintiff] which she may leave surviving, such issue to take *per stirpes* and not *per capita.*" By virtue of this clause of the deed there came into being upon the birth of each child of the plaintiff a vested remainder, subject to open up and let in after-born children, and to be divested either by the death of such child without issue before the death of the plaintiff or by the plaintiff's exercising her power of appointment by will. It is needless to add that such an interest is alienable. (*Moore* v. *Littel,* 41 N. Y. 66; *Campbell* v. *Stokes,* 142 id. 23; *Matter of Chapman,* 133 App. Div. 337; *Shindler* v. *Robinson,* 150 id. 875; Real Prop. Law, § 40.) It follows, therefore, that the children of the plaintiff are persons beneficially interested in the deed of trust and it cannot be revoked without their consent. They are also necessary parties defendant. The demurrer is sustained, with ten dollars costs of this motion.