■ In the Matter of FERDINAND HARMS, Deceased. ROBERT REYNOLDS, SR., Appellant; PETER HIBBARD, Respondent.—In a proceeding for the judicial construction of a will, the petitioner Robert Reynolds, Sr., appeals from an amended order of the Surrogate's Court, Nassau County (Radigan, S.), dated July 31, 1989, which, *inter alia,* directed that the will of the decedent Ferdinand Harms be construed so that Peter Hibbard, as the only child of Louise Harms Hibbard, deceased, is entitled to share in the principal of the trust for the benefit of Feodor Harms.

Ordered that the amended order is affirmed, with costs payable by the appellant personally.

In 1949 the testator, Ferdinand Harms, executed a will wherein he directed that after his death one-half of his residuary estate be divided into equal shares for his three children, Louise, Irmgard and Feodor. The will further directed that the shares be issued to fund trusts for the benefit of the children, and that during their lifetimes the children should receive the net incomes therefrom. Upon the death of each of the testator's children, his or her trust was to terminate and the principal thereof was to be paid over "to the issue of such child then living per stirpes, or in default of such issue to my children then living per stirpes".

When Louise died in 1960, the principal of her trust was paid over to her son, the respondent herein, according to the will's terms. However, a problem arose when Feodor died,

without issue, in 1986. The testator's remaining living child (Feodor's sister, Irmgard) petitioned the court for a will construction favoring her as the sole remainderman of Feodor's trust. The respondent, grandchild of the testator, claimed that he was entitled to share in the principal of Feodor's trust, according to the terms of his grandfather's will.

The court agreed with the respondent, explaining that the words per stirpes in the disputed phrase to "my children living per stirpes" required a distribution in which the principle of representation applied (see, Matter of Burggraf, 12 Misc 2d 152, 155). Accordingly, the respondent, as the only child of Feodor's deceased sister, Louise, would stand in her place and take her share. We agree.

The court's primary function in construing a will is to determine, and then effectuate, the intent of the testator (see, Matter of Fabbri, 2 NY2d 236, 239). The provisions of this will establish the testator's unmistakable intent to benefit his children and grandchildren, equally. Thus, the word "children" in the disputed phrase should be understood to include grandchildren (see, Matter of Gustafson, 74 NY2d 448, 453; Annotation, Word "Child" or "Children" in Will as including Grandchild or Grandchildren, 30 ALR4th 319, § 2, at 322-323).

A plan of distribution "per stirpes" is consistent with construing the word "children" as encompassing grandchildren. Consequently, we find without merit the petitioner's argument that the phrase per stirpes is superfluous (because the testator's remaining living child is entitled to take the entire trust corpus). Obviously, the testator used the phrase for a purpose consistent with the will's other provisions and it must be given effect. Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.