■ In the Matter of MICHAEL R. QUIS et al., Respondents. FRANK BOLDEN, Appellant. [744 NYS2d 700] —In a proceeding, inter alia, to declare premature the removal of the petitioner Michael R. Quis as a trustee of the Lee B. Ledford Living Trust, the appeal is from so much of a judgment of the Supreme Court, Putnam County (Hickman, J.), dated May 15, 2001, as declared the removal of Quis premature.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents.

A Living Trust created by Lee B. Ledford appointed several trustees upon Ledford's death, including Frank G. Bolden and Michael R. Quis. Bolden was also one of two beneficiaries to receive previously undistributed trust shares, the other being a charitable foundation. Following Ledford's death, Bolden sought to discharge Quis under a provision of the Trust which allowed "a majority of the beneficiaries" to discharge any trustee. Bolden claimed that he was the sole income beneficiary of the Living Trust, as the bequest to the charitable foundation took the form of a separate trust.

In construing a decedent's intention, words are to be given their ordinary and natural meaning (see Matter of Bieley, 91 NY2d 520; Matter of Gustafson, 74 NY2d 448; cf. Matter of Harms, 171 AD2d 868, 869, citing Matter of Fabbri, 2 NY2d 236). There is no merit to Bolden's claim that the plain meaning of the phrase "majority of the beneficiaries" may be construed to empower him to act alone in discharging Quis as a trustee (see Matter of Torricini, 249 AD2d 401, 402) before the distribution of the assets of the Trust.

Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.