■ In the Matter of the Estate of YVONNE S.R. GUIDE, Deceased. JACQUES F. SOHN, Appellant; JACQUELINE S. WILHOIT, Respondent. [754 NYS2d 658] —In a will construction proceeding, the petitioner appeals from a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated August 6, 2001, which denied the petition and determined that Jacqueline Spooner Wilhoit was entitled to share in the decedent's estate.

Ordered that the decree is affirmed, with costs payable by the petitioner personally.

The petitioner, Jacques F. Sohn (hereinafter Jacques), is the son of Yvonne Sohn Revelli Guide, who is deceased. The respondent, Jacqueline Spooner Wilhoit, is Guide's granddaughter, the daughter of Guide's predeceased daughter, Francine Sohn Spooner (hereinafter Francine). Guide executed a last will and testament wherein she devised a piece of real property to Francine and bequeathed to Jacques whatever sums she had in deposit in various banks at the time of her death, excluding any Totten trusts which had been established for the benefit of others.

In this will construction proceeding, the petitioner, as execu-

tor, requested that the Surrogate's Court construe and determine the validity, force, and effect of one of the articles in Guide's will. That provision provided:

"FOURTH: In the event that my daughter, FRANCINE SOHN SPOONER, and my son, JACQUES FRANK SOHN, do not survive me, the share bequeathed to them shall not lapse, but their share shall be divided equally among their issue then surviving them and me."

The Surrogate's Court found that Guide intended to duplicate the "anti-lapse statute" (EPTL 3-3.3) in article "FOURTH" of the will, and determined that the legacy to Francine did not lapse, but became payable to the respondent as her only issue. The petitioner disagreed with the court's interpretation and appealed. We affirm.

The cardinal rule of construction of a will is to carry out the intent of the testator (*see Matter of Walker,* 64 NY2d 354; *Matter of Fabbri,* 2 NY2d 236; *Matter of Bellows,* 103 AD2d 594, *affd* 65 NY2d 906). All rules of interpretation are subordinated to the requirement that the actual purpose of the testatrix is sought and effectuated as far as is consonant with principles of law and public policy (*see Matter of Fabbri, supra*). "Intent is not to be gleaned by focusing upon any one particular word, sentence, or provision; rather, it must be ascertained from a perusal of the entire will by a reader mindful of the particular facts and circumstances under which the provisions of the instrument were framed" (*Matter of Bellows, supra* at 597; *see also Matter of Carmer,* 71 NY2d 781; *Matter of Thall,* 18 NY2d 186).

Contrary to the petitioner's contentions, the Surrogate's Court properly concluded that Guide intended to make separate gifts of her estate to Jacques and Francine and to provide alternate gifts to their issue in order to prevent the gifts from lapsing. Under the circumstances of this case, the well-settled principles of construction articulated by the Court of Appeals in *Matter of Walker* (*supra* at 354) and *Matter of Fabbri* (*supra* at 236) do not require a different result. Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.