■ JOEL S. TEIG, Appellant, v SUFFOLK ORAL SURGERY ASSOCIATES et al., Respondents. [769 NYS2d 599]—

In an action to recover damages for breach of an employment agreement, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Henry, J.), entered June 7, 2002, as, upon an order of the same court dated November 23, 2001, denying his motion for summary judgment on the first and fourth causes of action of the amended verified complaint and granting the defendants' cross motion for summary judgment dismissing those causes of action, dismissed the first and fourth causes of action.

Ordered that the judgment is reversed insofar as appealed

from, without costs or disbursements, so much of the order dated November 23, 2001, as granted the defendants' cross motion is vacated, the first and fourth causes of action are reinstated, the cross motion is granted solely to the extent of remitting the matter to the Supreme Court, Suffolk County, for an evidentiary hearing in accordance herewith, and the motion is otherwise held in abeyance until after the hearing.

The plaintiff is a former partner in the defendant Suffolk Oral Surgery Associates (hereinafter SOSA), a professional partnership. The plaintiff brought this action to recover damages for breach of an employment agreement, alleging that the defendants failed to make payments to him in accordance with the disability buy-out provisions of his employment agreement. Before the plaintiff's injury, SOSA obtained a policy of group disability insurance under which a disabled partner would receive benefit payments equal to 60% of his salary, up to a maximum of $10,000 per month, until age 65. The plaintiff claimed that the policy was an extra benefit which he should receive in addition to, not instead of, the $700,000 disability buyout, payable over five years, provided for in the employment agreement.

If a provision of an agreement is ambiguous, "it is imperative for courts to resolve the ambiguity by resorting to surrounding circumstances, to the common and legal meanings of the terms involved, where such meanings are clear, and, of paramount significance, to the manifest purpose sought to be accomplished" (*Lerner v Lerner,* 120 AD2d 243, 247 [1986]; *see Aron v Gillman,* 309 NY 157, 163 [1955]; *Rosenthal Jewelry Corp. v St. Paul Fire & Mar. Ins. Co.,* 21 AD2d 160, 167 [1964], *affd* 17 NY2d 857 [1966]). Even where an agreement seems clear on its face, a "latent ambiguity" may exist by reason of "the ambiguous or obscure state of extrinsic circumstances to which the words of the instrument refer" (*Lerner v Lerner, supra* at 247 [internal quotation marks omitted]). Here, the employment agreement at issue provided that, in the event of a partner's disability, the buy-out payment obligations of SOSA would be "reduced by the amount of any disability buy-out insurance payments received by the [partner] under any disability buy-out insurance policies of the Company then in effect." The "latent ambiguity" stems from the unanticipated circumstance that the only disability insurance in effect at the time of the plaintiff's injury and subsequent disability was a group term insurance policy, not a disability buy-out insurance policy. The issue is whether the group term insurance policy qualifies as a disability buy-out insurance policy for the purposes of the employment agreement. We agree with the Supreme Court that it does.

Such a construction "would most closely effectuate the purpose" of the agreement's disability provision (*see Lerner v Lerner, supra* at 249), which was clearly to relieve SOSA of its financial obligations while preserving the entitlements of the disabled partner. A construction such as that suggested by the plaintiff would frustrate one purpose of the provision, which was to reduce the payment obligations of SOSA, while providing a windfall to the plaintiff not contemplated anywhere in the agreement. However, it cannot currently be declared, as a matter of law, that the total value of the payments the plaintiff will receive in accordance with the group term insurance policy is equivalent to the amount he would have received pursuant to the employment agreement. Accordingly, a hearing is required to determine whether the present value of future benefits payable to the plaintiff pursuant to the group term insurance policy is equal to or greater than the present value of the benefits he would have received in accordance with the employment agreement. Prudenti, P.J., Ritter, Adams and Cozier, JJ., concur.