■ In the Matter of the Estate of MICHAEL P. BRIGNOLE, Deceased. PAUL TERZULLI, Respondent; ATTORNEY GENERAL OF STATE OF NEW YORK, Appellant. (Proceeding No. 1.) In the Matter of the Estate of MARIE BRIGNOLE, Deceased. PAUL TERZULLI, Respondent; ATTORNEY GENERAL OF STATE OF NEW YORK, Appellant. (Proceeding No. 2.) [820 NYS2d 323]—

In related proceedings pursuant to SCPA 1420 for the construction of the will of Michael P. Brignole, the Attorney General of the State of New York appeals from an order of the Surrogate's Court, Richmond County (Fusco, S.), dated April 11, 2005, which granted the petition and directed the transfer of title to certain real property to the petitioner.

Ordered that the order is affirmed, with costs.

The Surrogate's Court, in a prior order, interpreted the will of the petitioner's decedent Michael P. Brignole (hereinafter the decedent) as creating a trust, with the decedent's wife receiving the income from the trust for life. Pursuant to the residuary clause of the will, upon the death of the decedent's wife "any remaining funds will be given to such charities" as the decedent's executors direct. The disputed provision of the decedent's will provides, "I would like my wife to turn the Farm (Pocono View Farm) in the Poconos to my nephew . . . because after speaking to him, he has business acumen."

The prime consideration in construction proceedings is the intention of the testator as expressed in the will (*see Matter of Fabbri*, 2 NY2d 236, 239). "All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy" (*id.* at 239-240). The testator's intent "must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*id.* at 240; *see also Matter of Guide*, 302 AD2d 387, 388 [2003]).

Upon a sympathetic reading of the entire will, the Surrogate's Court properly concluded that the decedent intended to give his wife the power to take Pocono View Farm (hereinafter the farm) out of the trust and to transfer it to the petitioner, the decedent's nephew (*see Matter of Fabbri, supra*). Further, a letter of intent sent to the petitioner by the attorney for the executor of the decedent's will supports the Surrogate Court's determination that the decedent's wife intended to convey the farm to the decedent's nephew before her death.

Accordingly, the Surrogate's Court properly construed the decedent's will and directed the transfer of the farm to his nephew. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.