■ HILARY G. WILLIAMS, Appellant, v HAROLD G. WILLIAMS, JR., et al., Respondents. [828 NYS2d 189]—

In an action, inter alia, for a judgment declaring a deed null and void, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated January 17, 2006, which granted the defendant's motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion pursuant to CPLR 3211 to dismiss the complaint is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

Muriel Williams (hereinafter Muriel) died on November 19, 1995. She was survived by her husband, the defendant Harold

G. Williams, Jr. (hereinafter Harold), and six children, including the plaintiff, Hilary G. Williams. In her will she gave Harold a life estate in her house located in Harrison. The will provided, relative to Harold's life estate, that "if he does not survive me or remarries, then on his death or remarriage or death after surviving me, the property . . . shall be sold and disposed of as part of my residuary estate." The residual clause of her will bequeathed the entire residue of her estate to Harold.

In 2002 Harold remarried. Thereafter, the co-executors of Muriel's estate transferred the fee interest in the house to him. The plaintiff then commenced this action in Supreme Court seeking, inter alia, "a declaration setting forth the respective rights of all parties" to the house under Muriel's will. The defendants moved to dismiss the complaint pursuant to CPLR 3211 arguing, inter alia, that documentary evidence in the form of the will provided an absolute defense, as the will clearly provided that in the event that Harold remarried, his life estate terminated and the real estate passed to him as the residuary beneficiary under the will. The Supreme Court granted the motion and dismissed the complaint. We reverse.

On a motion to dismiss pursuant to CPLR 3211, the complaint is to be afforded a liberal construction. The facts as alleged in the complaint are accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Morone v Morone,* 50 NY2d 481, 484 [1980]; *Goldfarb v Schwartz,* 26 AD3d 462, 463 [2006]). Here, the plaintiff's cause of action was essentially for a construction of the decedent's will as it affected the title to the real property upon Harold's remarriage. As such, the complaint stated a cause of action and was not subject to dismissal under CPLR 3211 (a) (7).

The purpose of a will construction proceeding is to ascertain and give effect to the testator's intent (*see Matter of Gustafson,* 74 NY2d 448, 451 [1989]; *Matter of McCabe,* 269 AD2d 727, 728 [2000]; *Matter of Harms,* 171 AD2d 868, 869 [1991]). "This intent . . . must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Matter of Fabbri,* 2 NY2d 236, 240 [1957]). It is also "a primary rule in the construction of wills, that effect is to be given if possible to all its provisions, and no clause is to be rejected, and no interest intended to be given is to be sacrificed on the ground of repugnancy when it is

possible to reconcile the provisions which are supposed to be in conflict" (*Taggart v Murray,* 53 NY 233, 236 [1873]).

Under CPLR 3211 (a) (1), dismissal "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]). Contrary to the determination of the Supreme Court, the will did not conclusively provide a defense to the action, as it was ambiguous as to the testator's intention regarding her devise of a life estate in her home to Harold while also providing that he was her sole residuary legatee for all of her property including the house. Viewing the will as a whole, there is an issue as to whether this was Muriel's dominant distribution plan where she specifically provided that upon termination of Harold's life estate by death or remarriage the house was to be sold and paragraph THIRD of her will granted Harold a similar life estate in her household furnishings until his remarriage, but expressly provided upon that event that the furnishings went to the children. Construing the will as urged by the defendants would render the devise of the life estate meaningless. Under the circumstances herein, the testator's intent was not clear and unambiguous. The plaintiff should be given the opportunity to submit proof to establish the decedent's intent as to the disposition of the house upon Harold's remarriage.

This opportunity should be afforded to the plaintiff in the Surrogate's Court. While the Supreme Court and the Surrogate's Court have concurrent jurisdiction in matters involving decedents' estates (*see Dunham v Dunham,* 40 AD2d 912, 913 [1972]; NY Const, art VI, §§ 7, 12), "the Supreme Court ordinarily refrains from exercising the concurrent jurisdiction where all the relief requested may be obtained in the Surrogate's Court and where the Surrogate's Court has already acted" (*Dunham v Dunham, supra* at 913; *see Matter of Moody,* 6 AD2d 861 [1958]; *Mayer v Goldhaber,* 63 Misc 2d 605, 607 [1969]; *Tracy v Coyle,* 121 Misc 526, 528 [1923]). Full relief may be afforded the plaintiff in a will construction proceeding in Surrogate's Court. Further, the plaintiff has standing as an interested person to maintain such a proceeding (*see* 42 NY Jur 2d, Decedents' Estates § 2128). Accordingly, we remit this matter to the Supreme Court, Westchester County, to be transferred to the Surrogate's Court, Westchester County, for further proceedings. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.