■ In the Matter of PAUL J. MICHELLA, SR., Deceased. PAUL J. MICHELLA, JR., Appellant, v JACQUELINE WINTER et al., Respondents. [863 NYS2d 494]—

In a will construction proceeding, the petitioner appeals from a decree of the Surrogate's Court, Orange County (Slobod, S.), dated November 20, 2006, which, inter alia, denied the petition and determined that the residuary estate of the decedent Paul J. Michella, Sr., passed by intestacy.

Ordered that the decree is affirmed, with costs.

ARTICLE SECOND of the decedent's will dated February 9, 1966, bequeathed his residuary estate in two equal shares to his son Paul J. Michella, Jr. (hereinafter the petitioner), and daughter Laureen Michella (hereinafter Laureen). ARTICLE THIRD created a trust for each of the shares, which provided in pertinent part as follows:

"I direct my Trustee to pay to each of my children, LAUREEN MICHELLA and PAUL J. MICHELLA, JR., me surviving, all of the net income and as much of the principal of one (1) of said shares as may be necessary properly to provide for the education, comfort, maintenance, medical needs and support of each of my two children, until each of my children, me surviving, shall attain the age of twenty-one (21) years, and then to pay and distribute to each of my children as each attains the age of twenty-one (21) years, one-fifth (1/5) of the then balance of the Trust Res then held In Trust for such child. When each of my children, me surviving, shall attain the age of twenty-five (25) years, I direct my Trustee to pay to each of my children as each attains the age of twenty-five (25) years, one-half (1/2) of the then balance of the Trust Res then held In Trust for such child. When each of my children, me surviving, shall attain the age of thirty (30) years, I direct my Trustee to pay to each of my children, as each attains the age of thirty (30) years, the balance of the Trust Res then held In Trust for such child, together with any accumulated income thereon.

"Upon the death of either of my children after my death and before the age of thirty (30) years, I direct my Trustee to pay and distribute the share of such child in equal sub-shares to the issue of my deceased child, if any, and in default of such issue, to pay and distribute the share of such deceased child to my other child, then living."

Accordingly, the trusts were to terminate when the respective beneficiaries reached the age of 30. When the decedent died on January 6, 2005, almost 40 years after he executed the will, he was survived by the petitioner and the two children of Laureen, who had predeceased the decedent in 2004.

The petitioner requested the Surrogate's Court to construe Laureen's residuary bequest as having lapsed and to determine that her half of the residuary estate passed to the petitioner as the sole remaining residuary beneficiary, under EPTL 3-3.4.

The cardinal rule in will construction is to give effect to the testator's intent (*see Matter of Bieley,* 91 NY2d 520, 525 [1998]; *Matter of Walker,* 64 NY2d 354, 358 [1985]; *Matter of Guide,* 302 AD2d 387 [2003]), to be determined not from any particular word or provision, but from a reading of the entire will in light

of the particular circumstances under which the instrument was drafted (*see Matter of Bieley,* 91 NY2d at 525; *Matter of Guide,* 302 AD2d at 388).

Contrary to the petitioner's contentions, the Surrogate's Court properly construed the entire residuary bequest as "completely ineffective." The residuary disposition was not an outright bequest, and the trusts created by the disposition could not be funded under ARTICLE THIRD since neither the petitioner nor Laureen survived the decedent at less than 30 years of age, the time when their respective trusts would have terminated. As the will failed to contain an alternate provision providing for such a contingency and notwithstanding the presumption against intestacy (*see Matter of Bieley,* 91 NY2d at 525), the Surrogate's Court correctly found that the residuary estate passed by intestacy and that such a result was consistent with the decedent's testamentary intent to bequeath his estate to his children in equal shares, including the issue of either child if that child died before his or her trust terminated.

The petitioner's remaining contention is without merit. Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.