In the Matter of the Estate of THOMAS V. WHITE, Also Known as THOMAS VINCENT WHITE, Also Known as THOMAS WHITE, Deceased. STEPHANIE WHITE, Respondent; RICHARD M. WHITE, Appellant. [885 NYS2d 535]—

In a will construction proceeding, Richard White, the executor and trustee of the estate of the decedent, Thomas V. White, appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Richmond County (Fusco, S.), dated December 11, 2007, as denied his cross motion for summary judgment construing paragraphs fourth and fifth of the decedent's last will and testament, inter alia, to authorize the sale of certain real property by the trustee and confer upon the trustee absolute discretion with respect to the distribution of the proceeds from the sale of the property.

Ordered that the order is affirmed insofar as appealed from, with costs.

Thomas White died on August 9, 2002. He was survived by his wife Stephanie White and three children from a prior marriage, one of whom remains a minor. The decedent named his wife as the guardian of the minor child, and his brother Richard White as his executor and trustee.

Pursuant to paragraph fourth (D) of his last will and testament, the decedent funded a credit shelter trust (hereinafter the trust) for the benefit of his wife and three children with a house he owned in Normandy Beach, New Jersey (hereinafter the beach house), a house he owned in Staten Island, New York (hereinafter the Staten Island house), and more than $500,000 in cash.

Paragraph fifth (A) provides that the trustee is authorized to "hold, manage, invest and reinvest the [trust] principal," and to "invade and distribute the [trust] principal." That section also provides that the trustee generally has "sole and absolute discretion" with respect to trust management, including the disbursement of funds to the wife and three children (who are the only beneficiaries of the trust).

Lastly, paragraph fifth (D) states in relevant part: "Upon all or the survivor(s) of my children reaching or being 25 years of age, the Trust terminates, and I give, devise and bequeath my houses in Staten Island, New York and Normandy Beach, New Jersey to [the wife], and my [three] children . . . in equal shares, share and share alike; I give, devise and bequeath all income accrued or undistributed in the . . . Trust, and . . . any remaining principal of the . . . Trust, to my [three] children . . . in equal shares, share and share alike." Accordingly, paragraph fifth (D) appears to reflect that while the wife is entitled to a share of real property when the trust terminates, she is not entitled to a share of the remaining trust principal.

In 2006 the trustee sold the beach house over the wife's vehement objection. The wife then commenced this will construction proceeding, contending that paragraphs fourth and fifth prohibited the sale of the beach house and mandated immediate disbursement of the sale proceeds to all four beneficiaries, in equal shares. The trustee took the contrary view that he was authorized to sell the beach house and is entitled to keep the sale proceeds in the trust until the youngest child turns 25 (at which point all trust principal would be distributed to only the three children).

The wife and the trustee filed motions for summary judgment construing the disputed will provisions in their favor; the guardian ad litem for the minor child, who sided with the trustee, also filed a cross motion seeking summary judgment. The Surrogate's Court denied all three motions, finding that issues of fact precluded summary judgment. The trustee appeals.

The primary purpose of a will construction proceeding is to ascertain and give effect to the testator's intent (*see Matter of Bieley*, 91 NY2d 520, 525 [1998]; *Matter of Herz*, 85 NY2d 715, 719-720 [1995]; *Matter of Carmer*, 71 NY2d 781, 785 [1988]; *Matter of Fabbri*, 2 NY2d 236, 239 [1957]; *Matter of Brignole*, 32 AD3d 538 [2006]). "This intent . . . must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Matter of Fabbri*, 2 NY2d at 240). If a reading of the entire will reveals a dominant purpose or plan of distribution, the provisions at issue must be interpreted in light of that purpose (*see Matter of Carmer*, 71 NY2d at 785-786). If, however, a will provision remains ambiguous, extrinsic evidence may be considered in discerning the testator's intent (*see Matter of Piel*, 10 NY3d 163, 166 [2008]; *Matter of McCabe*, 269 AD2d 727, 729 [2000]).

Here, paragraphs fourth and fifth are inconsistent. On the one hand, although the trust contains no positive language authorizing the sale of real property, the decedent conferred absolute discretion upon the trustee with respect to invasion of the trust principal. On the other hand, the decedent specifically bequeathed the beach and the Staten Island houses to the wife and three children upon the trust's termination, with no language indicating that the bequest was conditioned upon the house not being sold during the trust's duration. A review of the entire will does not disclose any dominant purpose dispositive of this issue.

Moreover, attorney draftsman Paul Forster's deposition testimony does not resolve this conflict. Forster testified that

the decedent was well aware that both the beach house and the Staten Island house could be sold by the trustee before the minor child turned 25, and that as a result, the wife would have no remainder interest when the trust terminated. Although he stated that his notes reflect the decedent's understanding, this claim is not supported by the record; if anything, the notes support the wife's contention that the decedent made an unconditional bequest. Additionally, Forster testified that the decedent gave the wife a $700,000 legacy, reflected in paragraph third of the will, and that he did so because the wife had agreed to use those funds to pay off a $300,000 mortgage on the Staten Island house in exchange for an interest in the trust remainder. Accordingly, if Forster's testimony is credited, it seems unlikely that the decedent intended to leave the wife's interest in that remainder unprotected.

In light of these factual issues, a hearing is necessary to determine the decedent's intent with respect to power of sale (*see Williams v Williams*, 36 AD3d 693, 695 [2007]; *Matter of McCabe*, 269 AD2d at 728-729). Moreover, until that determination is made, there is no basis for assessing whether the trustee is authorized to keep the sale proceeds from the beach house in the trust. Accordingly, the trustee failed to make a prima facie showing of entitlement to judgment as a matter of law, and thus the Surrogate's Court properly denied his cross motion for summary judgment (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The trustee's remaining contentions are without merit. Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.