In the Matter of KENNETH D. LYNCH, Deceased. KAREN CULLIN, Appellant; KEITH LYNCH et al., Respondents. [977 NYS2d 908]—

The testator, Kenneth D. Lynch, died on July 7, 2010, leaving

a will dated May 5, 2003. In paragraph four of the will, the testator bequeathed all of his tangible personal property to his two sons. In doing so, he specifically stated that he was making "no provision for [his] daughter," the petitioner. In "any and all events," his property was to be disposed as if the petitioner "had not survived" him. This intent was reinforced in paragraph five of the will, in which the testator bequeathed all the "rest, residue, and remainder" of his estate to his "issue, per stirpes," provided that any share of the estate to which the petitioner would be entitled "shall be disposed of as if [she] had not survived [him]."

The petitioner unsuccessfully contested the probate of the will (*see Matter of Lynch*, 2011 NY Slip Op 33235[U] [Sur Ct, Nassau County 2011]), and then commenced this proceeding for a construction of paragraph five of the will. She argued, inter alia, that a construction was necessary because the "ordinary and natural meaning of the word issue is children," and because distribution to the testator's "issue" would be limited to his surviving children, which included her. The respondents moved to dismiss the petition, asserting, among other things, that the provisions of the will were unambiguous and that the testator's intent was clearly expressed. The Surrogate's Court agreed and granted that branch of the motion which was to dismiss the petition pursuant to CPLR 3211 (a) (1).

" 'The purpose of a will construction proceeding is to ascertain and give effect to the testator's intent' " (*Matter of Bernstein*, 40 AD3d 1086, 1087 [2007], quoting *Williams v Williams*, 36 AD3d 693, 694 [2007]; *see Matter of Brignole*, 32 AD3d 538, 538 [2006]). The testator's intent "must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Matter of Fabbri*, 2 NY2d 236, 240 [1957]; *see Matter of Cincotta*, 106 AD3d 998 [2013]; *Matter of White*, 65 AD3d 1255 [2009]). Moreover, "where the testator's intent may be ascertained from within the four corners of the document, resort to extrinsic evidence is inappropriate" (*Matter of McCabe*, 269 AD2d 727, 728-729 [2000]; *see Matter of White*, 65 AD3d at 1257).

Under CPLR 3211 (a) (1), dismissal may be appropriately granted only where the documentary evidence utterly refutes the factual allegations, "conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Williams v Williams*, 36 AD3d 693 [2007]). Here, even according the petitioner the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88

[1994]), the will shows a clear intent on the testator's part to disinherit her. Indeed, as the Surrogate's Court properly found, the testator's intent to disinherit the petitioner can "easily be gleaned without recourse to the rules of construction." The language of the will is clear on its face and unambiguous, and the construction suggested by the petitioner cannot be accepted (*see Matter of Cincotta*, 106 AD3d 998 [2013]; *cf. Williams v Williams*, 36 AD3d at 694). Accordingly, the Surrogate's Court properly granted that branch of the respondents' motion which was to dismiss the petition pursuant to CPLR 3211 (a) (1). Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.