■ In the Matter of GEORGE LEVITAN, Deceased. GARY LEVITAN, Appellant; SYDELLE LEVITAN, Respondent. [21 NYS3d 303]—

In a probate proceeding in which Gary Levitan petitioned pursuant to SCPA 1420 for the construction of a will, Gary Levitan appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Nassau County (McCarty III, S.), dated April 24, 2014, as, upon a decision of that court dated March 31, 2014, granted the motion of Sydelle Levitan for summary judgment dismissing the petition and, in effect, denied his cross motion for summary judgment on the petition.

Ordered that the decree is affirmed insofar as appealed from, with costs payable personally by the petitioner.

The testator died on May 20, 2012, leaving a will dated December 31, 1996. The testator had one son, the petitioner, Gary Levitan (hereinafter Gary), who was born of a previous marriage. The testator's wife, the respondent, Sydelle Levitan (hereinafter Sydelle), has no issue. In Article Third of the will, the testator created a trust for the benefit of Sydelle during her lifetime. Upon the death of Sydelle, the remainder was to be distributed to or for the benefit of such one or more persons within a class composed of the testator's then living issue or Sydelle's living issue, "in such estates, interests and proportions as [Sydelle] may appoint by specific reference to this power of appointment in her last will and testament, admitted to probate." The will provided that if Sydelle failed to exercise or did not fully or effectually exercise her power of appointment, all property not effectually appointed, was to be paid and distributed to five other named individuals.

On or about September 14, 2012, Sydelle commenced this proceeding to probate the will. The probate petition listed Gary's "Legacy, Devise, or Other Interest" as "NONE." Gary

then petitioned pursuant to SCPA 1420 for construction of Article Third of the will on the ground, inter alia, that he had a vested remainder interest in the trust. According to Gary, the plain meaning of Article Third of the will provides the disposition of the remainder of the trust to go, upon Sydelle's death, to the testator's issue or Sydelle's issue, and only authorized Sydelle to dictate, by her will, the shares and proportions in which they would take. Gary argued that the phrase in the second sentence in Article Third—providing that if Sydelle fails to exercise or does not fully exercise the power of appointment, the trust shall be paid and distributed to five other named individuals—could only have had effect in the event that Gary predeceased the testator. Sydelle moved for summary judgment dismissing the petition and Gary cross-moved for summary judgment on the petition. Sydelle asserted, among other things, that the will is clear and unambiguous and subject to only one interpretation, which is that the five named individuals who receive the remainder of the trust in the event that she does not exercise her power of appointment have a present vested interest in the trust remainder, subject only to divestment by the exercise of her power of appointment. The Surrogate's Court, inter alia, granted Sydelle's motion for summary judgment dismissing the petition and, in effect, denied Gary's cross motion for summary judgment on the petition. Gary appeals only from those portions of the order.

" 'The purpose of a will construction proceeding is to ascertain and give effect to the testator's intent' " (*Matter of Bernstein*, 40 AD3d 1086, 1087 [2007], quoting *Williams v Williams*, 36 AD3d 693, 694 [2007]; *see Matter of Brignole*, 32 AD3d 538, 538 [2006]). " 'All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy' " (*Matter of Brignole*, 32 AD3d at 538, quoting *Matter of Fabbri*, 2 NY2d 236, 239-240 [1957]). The testator's intent "must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Matter of Fabbri*, 2 NY2d at 240; *see Matter of Cincotta*, 106 AD3d 998 [2013]; *Matter of White*, 65 AD3d 1255 [2009]).

Here, the Surrogate's Court properly granted Sydelle's motion for summary judgment dismissing the petition and, in effect, denied Gary's cross motion for summary judgment on the petition, as the will is clear and unambiguous without resort to extrinsic evidence.

"It is a well-established rule, both of the common law and by statute, in this State that estates in remainder which are limited to take effect upon default in the exercise of a power of appointment are not prevented from vesting by the existence of the power, but take effect in the same manner as if no power existed, subject, however, to be divested by an exercise of the power" (*Crackanthorpe v Sickles*, 156 App Div 753, 755 [1913]; *see* EPTL 6-5.2). Where the power of appointment has not been exercised and cannot be until the death of the person with the power of appointment, it may be eliminated from consideration and the next limitation considered (*see Crackanthorpe v Sickles*, 156 App Div at 755). Thus, the five individuals named in Article Third, not Gary, have a vested remainder interest which can be divested if Sydelle exercises her power of appointment by will (*see Crackanthorpe v Sickles*, 156 App Div at 755; *see also Matter of Krooss*, 302 NY 424, 426-427 [1951]; *Goodwin v Coddington*, 154 NY 283, 286 [1897]).

Accordingly, the Surrogate's Court properly granted Sydelle's motion for summary judgment dismissing the petition and, in effect, denied Gary's cross motion for summary judgment on the petition. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.