■ In the Matter of JULES B. LEVINE, Deceased. MARY ANNE LEVINE, Appellant; MARK C. PELTZ, as Executor/Trustee, et al., Respondents. [26 NYS3d 146]—

In a probate proceeding in which the beneficiary of a trust, Mary Ann Levine, petitioned pursuant to SCPA 1420 for the construction of certain provisions of the testator's will, Mary Ann Levine appeals from so much of a decree of the Surrogate's Court, Nassau County (McCarty III, S.), dated December 4, 2012, as, upon a decision of the same court dated October 22, 2012, directed that income generated as rent from properties in Montauk and Long Beach is part of, and not in addition to, the $600,000 annually to which she is entitled pursuant to the trust.

Ordered that the decree is reversed insofar as appealed from, on the law, with costs, and the construction of the will shall be as set forth herein.

The testator, Jules Levine, died on December 25, 2010, leaving a will dated October 1, 2010. The testator had two children from a previous marriage, Benjamin Levine and Annie Levine. The petitioner, Mary Ann Levine, was the testator's second wife. They had been married for approximately 4½ years at the time of the testator's death. The testator's estate consisted of real and personal property having the approximate value of $79 million. The will created a trust for the petitioner, to be funded by cash and two properties, one in Montauk and one in Long Beach. Pursuant to Article Third of the will, Mary Ann was to be paid the net income of the trust, guaranteed to be at least $600,000 annually. It was disputed, among other things, whether the provisions of the will allowed Mary Ann to rent the properties and personally retain the rental income, or whether the rental income was to be added to the principal of the trust. Mary Ann petitioned, and the trustee crosspetitioned, inter alia, for a construction of Article Third of the will. The Surrogate's Court determined, inter alia, that the rental income was a part of the net income Mary Ann was entitled to receive, not in addition to it. Mary Ann appeals only from that portion of the decree.

" 'The purpose of a will construction proceeding is to ascertain and give effect to the testator's intent' " (*Matter of Bernstein*, 40 AD3d 1086, 1087 [2007], quoting *Williams v Williams*, 36 AD3d 693, 694 [2007]; *see Matter of Brignole*, 32 AD3d 538, 538 [2006]). " 'All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy' " (*Matter of Brignole*, 32 AD3d at 538, quoting *Matter of Fabbri*, 2 NY2d 236, 239-240 [1957]). The testator's intent "must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Matter of Fabbri*, 2 NY2d at 240; *see Matter of Cincotta*, 106 AD3d 998 [2013]; *Matter of White*, 65 AD3d 1255 [2009]).

Here, Article Third of the will clearly and unambiguously provides that Mary Ann has the right to use the property during her lifetime, which includes renting the properties and retaining the rental income. Mary Ann also has the right to require that the trustee sell, rent, or lease the properties. In the event that Mary Ann so requires the trustee to sell, rent, or lease the properties, the proceeds are to be added to the principal of the trust. Thus, the Surrogate's Court erred in determining that the rental income was a part of the net income Mary Ann was entitled to receive, not in addition to it. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.