Matter of Sochurek (2019 NY Slip Op 05987)





Matter of Sochurek


2019 NY Slip Op 05987


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-09833

[*1]In the Matter of Robert W. Sochurek, deceased. Anna Marie T. Sochurek, respondent; Lynn Ammirato, et al., appellants. (File No. 487/14)


Edmonds & Co., P.C., New York, NY (Neil G. Marantz of counsel), for appellants.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Alfred E. Donnellan and Nelida Lara of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which the executor, Anna Marie T. Sochurek, petitioned pursuant to SCPA 1420 to construe the in terrorem clause set forth in the will of Robert W. Sochurek, Lynn Ammirato and Lisa Birch appeal from a decree of the Surrogate's Court, Dutchess County (James D. Pagones, S.), dated August 11, 2016. The decree, upon a decision of the same court dated June 30, 2016, declared that Lynn Ammirato and Lisa Birch violated the in terrorem clause of the will and forfeited their legacies under the will.
ORDERED that the decree is reversed, on the law, with costs, and the matter is remitted to the Surrogate's Court, Dutchess County, for the entry of an amended decree declaring that Lynn Ammirato and Lisa Birch did not violate the in terrorem clause of the will of Robert W. Sochurek and did not forfeit their legacies under that will.
The decedent, Robert W. Sochurek, died in February 2014. He was survived by his wife, Anna Marie T. Sochurek (hereinafter Anna Marie), and two daughters from a previous marriage, Lynn Ammirato and Lisa Birch (hereinafter together the daughters). At the time of his death, the decedent owned a 50% interest in a self-storage company, nonparty Brady Avenue Associates LLC (hereinafter Brady Avenue). The decedent's will named Anna Marie as executor of his estate, and bequeathed to her a life estate in the decedent's 50% interest in Brady Avenue, including "all the duties and responsibilities for the operation of said Limited Liability Company as if she was the owner and member thereof." The will also granted Anna Marie, as executor, the power to "sell, exchange, or otherwise dispose of any or all of my property, real or personal," and the power to "run, manage and direct any business of which I may die possessed, temporarily or permanently, or to sell or otherwise dispose of such business and all the assets thereof upon any terms which [Anna Marie] deem[s] advisable." The will provided that, upon the death of Anna Marie, her life estate would terminate and the decedent's interest in Brady Avenue would pass to the daughters, in equal shares.
The will included an in terrorem clause which provided for the revocation of the interest of any beneficiary who "institute[s] . . . any proceedings to set aside, interfere with, or make null any provision of this Will, . . . or shall in any manner, directly or indirectly, contest the probate [*2]thereof." The will left the "rest, residue, and remainder" of the decedent's estate to Anna Marie, absolutely, "to the exclusion of any children of mine."
After letters testamentary were issued and the will probated, Anna Marie entered into a contract to sell all of the assets of Brady Avenue to a nonparty for the sum of $7.5 million, the net proceeds of which were to be divided between Anna Marie and the holder of the other 50% interest in Brady Avenue. The daughters entered into a Standstill Agreement with Anna Marie whereby Anna Marie agreed to hold the proceeds from the sale in a segregated bank account while Anna Marie and the daughters determined the daughters' interests in the liquidated assets of Brady Avenue as remainder beneficiaries of Anna Marie's life estate. The daughters subsequently commenced an action in the Supreme Court against Anna Marie to recover damages, inter alia, for breach of the Standstill Agreement and breach of fiduciary duty, and for the imposition of a constructive trust. The complaint alleged, in sum, that Anna Marie had breached her fiduciary duty to the daughters as remainder beneficiaries, and demanded an accounting of the assets of Brady Avenue.
Anna Marie then petitioned pursuant to SCPA 1420 to construe the in terrorem clause of the decedent's will. The petition alleged that the decedent's will granted Anna Marie the absolute and sole discretion to dispose of any and all of the assets of the estate, including the assets of Brady Avenue, that the daughters had interfered with Anna Marie's administration of the decedent's estate by commencing the Supreme Court action, and that such interference violated the in terrorem clause of the decedent's will. In a decision dated June 30, 2016, the Surrogate's Court determined, among other things, that the will granted to Anna Marie, as executor, broad powers to dispose of all estate property, and that the daughters had interfered with those powers by commencing the Supreme Court action. By decree entered August 11, 2016, the Surrogate's Court determined that the daughters had violated the in terrorem clause of the will, and by doing so, had forfeited their legacies under the will. The daughters appeal.
Initially, contrary to the daughters' contention, the Surrogate's Court acted within its jurisdiction in construing the in terrorem clause of the decedent's will (see SCPA 201). In addition, the Supreme Court action did not effect a bar to this proceeding under the doctrine of law of the case (see J.A. Preston Corp. v Fabrication Enters., 68 NY2d 397, 402; Pollack v Pollack, 290 AD2d 548).
"The paramount consideration in will construction proceedings is the testator's intent" (Matter of Singer, 13 NY3d 447, 451; see Matter of Carmer, 71 NY2d 781, 785; Matter of Levine, 136 AD3d 920, 921). The testator's intent must be ascertained "not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (Matter of Bieley, 91 NY2d 520, 525 [emphasis and internal quotation marks omitted]; see Matter of Bernstein, 40 AD3d 1086, 1087; Williams v Williams, 36 AD3d 693, 694). "[W]hile in terrorem clauses are enforceable, they are not favored and [must be] strictly construed'" (Matter of Singer, 13 NY3d at 451, quoting Matter of Fairbairn, 46 AD3d 973, 974; see Matter of Ellis, 252 AD2d 118, 127).
Here, the daughters alleged in the Supreme Court action that Anna Marie breached her fiduciary duty as executor and holder of the life estate in the decedent's interest in Brady Avenue by taking possession of the entire proceeds of the sale to the exclusion and detriment of the daughters as remainder beneficiaries. The daughters have not lodged any contest to the validity of the will, or otherwise interfered with its provisions granting Anna Marie discretion to dispose of estate assets in her capacity as executor. Moreover, the claim that Anna Marie violated the standstill agreement did not implicate any challenge to the will. Thus, we disagree with the determination of the Surrogate's Court that the daughters violated the in terrorem clause of the will and forfeited their legacies under the will (see Matter of Prevratil, 121 AD3d 137, 146).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court